

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# Ogunwomoju v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1100

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ogunwomoju v. Atty Gen USA" (2006). *2006 Decisions.* Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1100
_____

ADENIYI BABATUNDE OGUNWOMOJU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A41-542-092)
Immigration Judge: Grace A. Sease
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2006

Before:  RENDELL, COWEN and VAN ANTWERPEN, Circuit Judges.

(Filed: December 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Adeniyi Babatunde Ogunwomoju, a citizen of Nigeria, petitions for review of an

order of the Board of Immigration Appeals (BIA) denying reopening.  We will dismiss in

part and deny in part.

I.

Ogunwomoju entered the United States in 1987 as a lawful permanent resident. In 1990, he was convicted in a federal court in New York of mail fraud and conspiracy to commit credit card fraud. Three years later, in a different federal court, he was found guilty of filing fraudulent tax returns. In 1994, Ogunwomoju was convicted on two separate state charges that he committed petit larceny. Finally, in 2000, Ogunwomoju was convicted in a New York state court of criminal possession of a controlled substance.

Removal proceedings were begun in 2004, and the Government charged Ogunwomoju with removability as an alien who committed (i) two or more crimes involving moral turpitude (i.e., the two petit larcenies); (ii) an aggravated felony (fraud); and (iii) a controlled-substance offense (the state conviction for possession). A.R. 544, 642, 677. Ogunwomoju, who was then represented by counsel, conceded removability on the charges. A.R. 168-69, 190. Ogunwomoju sought asylum, but the Immigration Judge (IJ) concluded that he could obtain protection only via the Convention Against Torture (CAT). A.R. 139, 190; see also INA §§ 208(b)(2)(A)(ii), (b)(2)(B) (asylum not available to an aggravated felon); INA § 241(b)(3)(B)(ii) (withholding of removal not available to an alien convicted of a "particularly serious crime"). The IJ denied relief under CAT, rejecting Ogunwomoju's argument—buttressed by some expert testimony—that he might be detained and tortured on removal to Nigeria as a consequence of his drug conviction in the United States. A.R. 144-45. A single member of the Board of Immigration Appeals (BIA) affirmed without opinion. A.R. 64.

2

Instead of filing a petition for review, Ogunwomoju, acting *pro se*, filed a motion to reopen with the BIA, offering evidence suggesting that his 2000 drug conviction might have been overturned. A.R. 50. The Board granted reopening for the limited purpose of allowing him to seek a waiver of inadmissibility (for the 1990 fraud charges) under former INA § 212(c). A.R. 47. On remand, however, the IJ found that Ogunwomoju's 2000 conviction was intact (he had only filed a collateral attack of the conviction); accordingly, to prevent his removal, Ogunwomoju would still need *both* § 212(c) relief as to the fraud charges *and* cancellation of removal as to his 2000 drug offense, which occurred after the repeal of § 212(c). The IJ observed that this court had foreclosed the possibility of an alien's obtaining both kinds of relief in a situation such as Ogunwomoju's. See Rodriguez-Muñoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005). Accordingly, the IJ certified the case back to the BIA. See A.R. 29. On receipt of the IJ's certification, a three-member panel of the BIA agreed with the IJ's conclusions and indicated that it had erred in initially granting reopening. A.R. 15-16. It therefore vacated its initial order and denied reopening. Ogunwomoju timely petitioned us for review.[1]

II.

---

[1] After he filed his petition for review, Ogunwomoju filed a motion for reconsideration with the Board. The Board's denial of that motion is not before us, as Ogunwomoju did not file a separate petition for review of that order. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986).

We have jurisdiction to review the BIA's denial of Ogunwomoju's motion to reopen. See, e.g., Ezeagwuna v. Ashcroft, 325 F.3d 396, 405, 410 (3d Cir. 2003). Our review does not extend, however, either to (i) the IJ's original denial of the requests for asylum, withholding, and relief under CAT or (ii) the Board's summary affirmance of that denial. See Stone v. INS, 514 U.S. 386, 405 (1995) (holding that review of an original removal decision and a subsequent removal order are distinct); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986) (same); see also McAllister v. Atty. Gen'l, 444 F.3d 178, 185 (3d Cir. 2006) (holding that the requirement that an alien appeal a removal order within 30 days is jurisdictional). Thus, we cannot consider Ogunwomoju's arguments— arguments that constitute the bulk of his brief—that errors were made in the initial refusal to award relief. See Petitioner's brief, 8-16, 18. Specifically, we cannot reach his arguments that (a) the IJ and BIA erred in denying him CAT relief by, among other things, undervaluing the testimony of his expert witness and (b) he is not an aggravated felon.[2] As to these issues, we must dismiss the petition for lack of jurisdiction.

---

[2] To the extent, if any, that Ogunwomoju argued in his motion to reopen that he is not an aggravated felon, we cannot agree. Ogunwomoju notes that when he committed the fraud, a loss of more than $200,000 was required to establish an aggravated felony. See Petitioner's brief, 18. In 1996, however, in the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Congress amended the applicable statute, INA § 101(a)(43)M), so that a loss of more than $10,000 was sufficient. Moreover, Congress explicitly made the change apply "regardless of whether the conviction was entered before, on, or after" the amendment. IIRIRA § 321(b). Congress, of course, has the power to give retroactive effect to its statutes. See, e.g., Landgraf v. USI Film Prods., 511 U.S. 244, 270 (1994). Thus, because Ogunwomoju's fraud involved more than $10,000, he was properly categorized as an aggravated felon.

The Government contends that Ogunwomoju raises no issues whatsoever as to the denial of the motion to reopen. Respondent's brief, 10-14. We think that goes too far. Ogunwomoju's brief specifically references the motion to reopen, and he argues the legal issue decided by the Board in denying reopening. See Petitioner's brief, 7, 16-18. Construed liberally, at least, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we believe that Ogunwomoju's appellate brief sufficiently argues the Board erred in refusing to reopen his case. Accordingly, we decline the Government's invitation to hold that Ogunwomoju waived the only arguments viable in this proceeding.

The scope of our review over the Board's denial of motions to reopen is quite limited, however. See INS v. Doherty, 502 U.S. 314, 323 (1992). We review the denial of a motion to reopen for abuse of discretion only, keeping in mind the Supreme Court's mandate that we accord "broad" deference to the BIA's decision. Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). We perceive no abuse of discretion in the Board's decision here.

First and foremost, we note that Ogunwomoju never presented the IJ or the BIA with any evidence whatsoever that his 2000 New York drug conviction had been overturned on collateral review. His motion to reopen indicates merely that he had *filed* a collateral attack on that conviction. A.R. 50-57. Accordingly, the conviction remained final for immigration purposes, see, e.g., Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th Cir. 1981), and the only legal issue before the IJ and the Board was whether Ogunwomoju could obtain—at the same time—both relief under former INA § 212(c)

5

and cancellation of removal.  As the Board correctly explained, our precedent forecloses that possibility.  Rodriguez-Muñoz, 419 F.3d at 248.  Accordingly, the denial of Ogunwomoju's motion to reopen did not constitute an abuse of discretion.

IV.

For the reasons given, we will dismiss Ogunwomoju's petition to the extent that he seeks review of the BIA's original denial of CAT and other relief.  To the extent that Ogunwomoju seeks review of the Board's denial of reopening, we will deny his petition.