06-3734-pr, 06-4424-ag
Ogunwomoju v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2007

Docket Nos. 06-3734-pr, 06-4424-ag

Submitted: September 19, 2007      Decided: January 7, 2008)

_____

ADENIYI OGUNWOMOJU,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

ADENIYI OGUNWOMOJU,

Petitioner,

v.

PEOPLE OF THE STATE OF NEW YORK,

Respondent.

_____

Before:  MESKILL,[1] MINER, and CABRANES, Circuit Judges.

     In response to a motion by the Attorney General of the United States to dismiss a petition purportedly seeking review of an order of removal, we construe the petition as a petition for habeas relief or, in the alternative, for a writ of error coram nobis.  We affirm the judgment of the United States District Court for the Southern District of New York (Michael B. Mukasey, Chief Judge) dismissing the petition.  In doing so, we hold,

_____

[1]  The Honorable Thomas J. Meskill, who was a member of this panel and voted with the majority, passed away following submission of this case.  The appeal is being decided by the remaining two members of the panel, who are in agreement.  See 2d Cir. Interim R. 0.14(b).

inter alia, that a petitioner in immigration custody or under an order of removal as a consequence of his criminal conviction is not "in custody" within the meaning of 28 U.S.C. § 2254.

Ogunwomoju Adeniyi, pro se, 122-02 Mantauk Street, Springfield Gardens, NY 11413.

Sue Chen, Special Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York; David S. Jones, Assistant United States Attorney, on the brief), New York, New York.

MINER, Circuit Judge:

The question presented, one of first impression for this Court, is whether a petitioner in immigration detention or under an order of removal as a consequence of a state conviction is "in custody" within the meaning of the statute providing for a writ of habeas corpus to challenge such a conviction. We join our sister circuits that have considered the issue in holding that immigration detention is not "custody" for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254.

Adeniyi Ogunwomoju, ("petitioner" or "Ogunwomoju") a citizen of Nigeria, filed the petition which forms the basis of the two captioned cases in March of 2006 while he was in immigration detention. The petition was correctly designated as a habeas petition pursuant to 28 U.S.C. § 2254 by the United States District Court for the Southern District of New York, where the petition was filed. Pursuant to 28 U.S.C. § 2241(d), a

petition for a writ of habeas corpus challenging a conviction in state court may be filed "in the district court for the district within which the State Court was held which convicted and sentenced him." Because Ogunwomoju's petition challenges his conviction in the Criminal Court of the City of New York ("Criminal Court") of criminal possession of a controlled substance, it was properly filed in the District Court for the Southern District of New York ("District Court"). We construe this petition and Ogunwomoju's subsequent motion[2] as a habeas

[2] This petition, dated March 17, 2006, was received by the Pro Se Office of the District Court on March 21, 2006, while Ogunwomoju was in immigration detention in the York County Prison, York, Pennsylvania, a county prison which also serves as an immigration detention facility. *See Ogunwomoju v. New York*, 06-cv-4599 (S.D.N.Y. June 15, 2006). In May 2006, Ogunwomoju sent a letter to the District Court noting that his address had changed to a location in Springfield Gardens, New York, suggesting that he was no longer in detention. Although the petition was not entered on the official docket until June 15, 2006 — the date of Chief Judge Mukasey's order dismissing Ogunwomoju's petition and entering judgment for respondents — for the purposes of establishing petitioner's custodial status at the time of filing, we find that the petition was filed when it was received by the District Court on March 21, 2006.

On June 6, 2006, Ogunwomoju filed a "Motion for Emergency Stay of Deportation" ("Motion for Emergency Stay" or "Motion") in the District Court. Although the Motion sought relief in relation to Ogunwomoju's habeas petition, it gave rise to the opening of a new case on the docket of the District Court under the second caption noted above. The Motion was designated on the docket sheet as "Petition in the Nature of Mandamus." In his Motion, Ogunwomoju reiterated in detail the bases for his habeas claims and argued that his removal to Nigeria should be stayed pending his appeal of the denial of his habeas petition. Ogunwomoju asserted that irreparable harm would be inflicted upon his wife and children if he were to be removed. Noting that his children are U.S. citizens, Ogunwomoju stated that his family would suffer extreme hardship in his absence since he is "a father figure and a provider for the entire family."

By an order signed on September 11, 2006, and entered on September 21, 2006, the District Court (Kimba M. Wood, Chief Judge) transferred to the Court of Appeals the Motion, which is designated as an "application challenging petitioner's order of removal." Ogunwomoju v. People of the State of New York, No. 06-cv-6972 (S.D.N.Y. Sept. 11, 2006) ("Transfer Order"). Citing the REAL ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231 (May 11, 2005), the District Court transferred what it construed to be Ogunwomoju's petition challenging an order of removal to the Court of Appeals. Id. The District Court's Transfer Order directed the Clerk of the District Court to assign a separate docket number for this case, resulting in the addition of a second caption as the title of a separate proceeding. The Transfer Order also

3

petition rather than as a petition for review of an order of removal. A timely appeal from the June 15, 2006 judgment of the District Court (Michael B. Mukasey, <u>Chief Judge</u>)[3] dismissing that petition confers upon us jurisdiction to review that judgment. 28 U.S.C. § 1291.

I.

Ogunwomoju filed this petition after removal proceedings were held as a direct consequence of his several criminal convictions. From March 11, 2004 through July 20, 2004, the United States Department of Homeland Security ("DHS") filed multiple charges of removability against Ogunwomoju pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of crimes

directed "that petitioner's removal or deportation be stayed pending further order of the United States Court of Appeals for the Second Circuit." <u>Id.</u> Finally, the Transfer Order directed the Clerk of the District Court "to close the matter under [the newly assigned] docket number." <u>Id.</u> In the interest of judicial economy, we consolidate the captioned appeals.

It appears that Ogunwomoju failed to move for <u>in forma pauperis</u> status on appeal, <u>see</u> 28 U.S.C. § 1915(a), or for a certificate of appealability, <u>see</u> 28 U.S.C. § 2253(c), to pursue the appeal. In the interest of justice and in the interest of resolving all issues before us at the same time, we consider the brief on appeal filed by Ogunwomoju as a motion to proceed <u>in forma pauperis</u> and also as a motion for a Certificate of Appealability. Ogunwomoju has not filed a financial affidavit in connection with his appeal, but the District Court first found that he was indigent and thereafter revoked his <u>in forma pauperis</u> status only because it appeared to the District Court that any appeal from the order denying habeas relief would not be taken in good faith. We have no reason to believe that Ogunwomoju's indigency is not continuing, and we grant him <u>in forma pauperis</u> status to pursue this appeal.

We grant the Certificate of Appealability in order to resolve an important issue presented by the habeas petition — whether one who is in immigrtion detention or subject to an order of removal as a consequence of a state court conviction is entitled to seek habeas relief from the state conviction after the sentence has been served.

[3] We review a motion by Attorney General Michael B. Mukasey of a judgment entered by Judge Mukasey when he was Chief Judge of the United States District Court for the Southern District of New York. This curiosity is without legal significance since the Attorney General appears before us solely in his official capacity and as the incumbent Attorney General representing the United States in a matter filed by a previous Attorney General.

4

of moral turpitude;[4] 8 U.S.C. § 1227 (a)(2)(A)(iii), for having been convicted of an aggravated felony;[5] and 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of criminal possession of a controlled substance.[6]

Ogunwomoju's removal proceedings were heard in York, Pennsylvania by an Immigration Judge who denied Ogunwomoju's application for asylum, withholding of removal, and protection under the Convention Against Torture and ordered Ogunwomoju's removal to Nigeria. In re Ogunwomoju, No. A 41 542 092 (I.J. York, PA Sept. 8, 2004). The BIA affirmed the decision of the Immigration Judge without opinion on February 14, 2005. In re Ogunwomoju, No. A 41 542 092 (B.I.A. Feb. 14, 2005). On August 3, 2005, in response to Ogunwomoju's motion to reopen and reconsider its order of removal, the BIA remanded the case to the Immigration Judge to allow Ogunwomoju to pursue an application for relief under Section 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c). In re Ogunwomoju, No. A 41 542 092 (B.I.A. Aug. 3, 2005). Section 212(c), which was

---

[4] Ogunwomoju was convicted of petit larceny in the District Court of Nassau County, New York, on January 24, 1994, and in the Criminal Court of the City of New York, on August 16, 1994.

[5] On November 13, 1990, petitioner was convicted in the United States District Court for the Southern District of New York of conspiracy to commit credit card fraud where the loss to the victim exceeded $10,000. He was also convicted on November 5, 1993 in the United States District Court for the Eastern District of New York of mail fraud by filing fraudulent income tax returns.

[6] On March 7, 2000, Ogunwomoju was convicted in the Criminal Court of the City of New York following a guilty plea of criminal possession of a controlled substance in the seventh degree pursuant to Section 220.03 of the New York Penal Law. It is this conviction that is the subject of the instant habeas petition.

repealed in 1996 pursuant to the Illegal Immigration Reform and Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C. Title III-A, 110 Stat. § 304(b), 3009-546, 3009-597, conferred broad jurisdiction upon the Attorney General to waive deportation under certain conditions for aliens "convicted of offenses involving moral turpitude or the illicit traffic in narcotics" who had entered guilty pleas prior to its repeal. I.N.S. v. St. Cyr, 533 U.S. 289, 294 (2001).

On October 11, 2005, the Immigration Judge on remand determined that Ogunwomoju was ineligible for such relief because his drug conviction in the Criminal Court occurred after the repeal of Section 212(c) and because the New York courts had not yet ruled on Ogunwomoju's post-conviction challenge to that conviction. In re Ogunwomoju, No. A 41 542 092 (I.J. York, PA Oct. 11, 2005). Ogunwomoju apparently believes that were it not for his 2000 drug conviction in the Criminal Court, he would be eligible for Section 212(c) relief because his other convictions predated the 1996 repeal of Section 212(c) and because the Immigration Judge referred only to the drug conviction as an impediment to Ogunwomoju's eligibility for Section 212(c) relief. Id.

Reviewing the Immigration Judge's decision following remand, the BIA on December 27, 2005 concluded that it erroneously had granted Ogunwomoju's motion to reopen, vacated its decision of August 3, 2005, and denied nunc pro tunc the motion to reopen. In re Ogunwomoju, No. A 41 542 092 (B.I.A. Dec. 27, 2005). The

6

BIA denied petitioner's subsequent motion to reopen on February 17, 2006. In re Ogunwomoju, No. A 41 542 092 (B.I.A. Feb. 17, 2006). Ogunwomoju sought review of the December 27, 2005 BIA decision in the United States Court of Appeals for the Third Circuit, which on December 7, 2006 dismissed as time-barred Ogunwomoju's petition to consider the original denial of asylum, withholding of removal, and CAT relief and denied his petition to review the BIA's denial of his motion to reopen. See Ogunwomoju v. Att'y Gen. of the U.S., 207 F. App'x 245, 248 (3d Cir. 2006).[7]

As a result of the judgment of the Court of Appeals for the Third Circuit, Ogunwomoju's immigration claims have been thoroughly litigated and they have been conclusively decided against him.

## II.

While in immigration detention seeking relief from the immigration decisions through the BIA and Court of Appeals for the Third Circuit, Ogunwomoju also sought, without success, post-conviction relief from his March 7, 2000 drug conviction in the Criminal Court. After exhausting his options in the New York state courts, he filed a habeas petition in the District Court in March 2006, challenging the conviction entered in the Criminal Court.

In challenging his conviction for criminal possession of a

---

[7] Ogunwomoju did not appeal the BIA's February 17, 2006 denial of his motion to reopen. See Ogunwomoju v. Att'y Gen. of the U.S., 207 F. App'x 245, 247 n.1 (3d Cir. 2006)

7

controlled substance in the seventh degree, which entailed a sentence of time served and a six-month suspension of his driver's license, Ogunwomoju advanced the following arguments in his habeas petition: (1) that his plea of guilty was "unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea"; (2) that trial counsel was ineffective for "waiv[ing] a formal plea allocution" and for failing to "advise him of the effect his plea would have on his immigration status;" and (3) that the evidence seized from him was taken in violation of the Fourth Amendment, since at the time of his arrest "he was merely sitting in a parked automobile and was not engaging in any suspicious activity."

On June 15, 2006, Chief Judge Mukasey, inter alia, dismissed the habeas petition, finding no basis for the relief sought under 28 U.S.C. § 2254. Specifically, Chief Judge Mukasey found that Ogunwomoju was in immigration custody and not in custody pursuant to the challenged criminal conviction. The sentence for the drug conviction had been fully served by the time Ogunwomoju filed his habeas petition. The Court therefore determined that it lacked jurisdiction to consider his habeas petition. Ogunwomoju v. New York, 06-cv-4599, *2 (S.D.N.Y. June 15, 2006). The Court also considered and rejected coram nobis relief as an alternative remedy. Id. at *2-3. Finding that Ogunwomoju had not made a substantial showing of the denial of a constitutional right, the District Court declined to issue a certificate of appealability in accordance with 28 U.S.C. § 2253. Id. at *4. Finally, the

8

District Court certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the court's order would not be taken in good faith and, accordingly, revoked Ogunwomoju's in forma pauperis status. A Notice of Appeal was timely filed on July 6, 2006.

III.

In order for a District Court to entertain a petition for habeas relief, the application for relief must be made "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). A petitioner must be "in custody" in order to invoke habeas jurisdiction of the federal courts. Custody

> is required not only by the repeated references in the statute but also by the history of the great writ. Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person.

Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (internal citations omitted). In Carafas, the petitioner was incarcerated under the state sentence he sought to attack when he filed his petition for habeas relief. Id. at 235-36. He was unconditionally discharged from custody while his appeal was pending, and the state then claimed that his discharge rendered further proceedings moot. Id. at 236. The Supreme Court rejected that argument, noting, inter alia, that "collateral consequences" of conviction, such as disqualification from engaging in certain businesses, from serving as a labor union officer, and from voting and serving as

9

a juror, survive the expiration of a sentence. Id. at 237-38. It is on the basis of that decision that petitioner argues in the instant case that his immigration detention, resulting from an order of removal issued in consequence of his drug conviction, qualifies him as "in custody" pursuant to the judgment of the state court for the purpose of establishing our jurisdiction to consider his habeas petition under 28 U.S.C. § 2254.

However, in a later explication of its holding in Carafas, the Supreme Court made it clear that it had

> rested that holding not on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

Maleng v. Cook, 490 U.S. 488, 492 (1989) (emphasis in original). In Maleng, the Court determined that a state detainer placed with the federal authorities to assure that a petitioner would begin to serve his state sentence at the conclusion of his federal sentence satisfied the requirement that a petitioner be "in custody" for the purpose of a habeas attack on the state conviction. Id. at 493.

Although Ogunwomoju was in immigration detention at the time he filed the habeas petition in the District Court to challenge

his New York conviction,[8] he was not in custody pursuant to a judgment of a state court.  His state court sentence, consisting of "time served" incarceration and a six-month license suspension, had been fully served in the year 2000, nearly six years before he filed his habeas petition.  Ogunwomoju filed his habeas petition in March of 2006 from the place of his immigration detention, where he was in custody pending further action in his removal proceeding.

We held before the enactment of the REAL ID Act, 119 Stat. 231, "that where a petitioner who is currently serving a state sentence seeks to challenge a final order of removal, that order is 'sufficient, by itself, to establish the requisite custody' for habeas purposes" under 28 U.S.C. §2241.[9]  Duamutef v. I.N.S., 386 F.3d 172, 178 (2d Cir. 2004).  However, we have not

---

[8] Ogunwomoju is not in immigration detention at this time, although he was at the time he filed his habeas petition.  However, he is still subject to the order of removal and is therefore still in immigration custody. See Simmonds v. I.N.S., 326 F.3d 351, 355 (2d Cir. 2003) ("[W]e have held that an alien who has been released on bail from INS detention but is subject to a final order of removal is in INS custody.").

[9] Prior to the May 13, 2005 enactment of the REAL ID Act, 119 Stat. 231, persons held in immigration detention or subject to an order of removal could challenge their detention through a petition for a writ of habeas corpus in district court pursuant to 28 U.S.C. §2241. See, e.g.,Richards v. Ashcroft, 400 F.3d 125, 127 (2d Cir. 2005).

Since passage of the REAL ID Act, district courts no longer have jurisdiction to consider habeas petitions challenging immigration petitions, see 8 U.S.C. § 1252(a)(5), and all habeas petitions challenging immigration detention that were pending before passage of the REAL ID Act are construed as petitions for review of orders of removal, see Gittens v. Menifee, 428 F.3d 382, 383, 385 (2d Cir. 2005).  New petitions for review must be filed with the appropriate circuit of the United States Court of Appeals within 30 days of the BIA's entry of the final order of removal. 8 U.S.C. § 1252(a)(5), (b)(1). Thus Ogunwomoju's petition for review was properly considered by the Third Circuit, and we are without jurisdiction to consider any subsequent petition for review challenging the order of removal issued by the Immigration Judge in Pennsylvania.

11

previously considered the converse — whether a petitioner in immigration detention or under an order of removal as the result of a criminal conviction is "in custody" for the purpose of a § 2254 challenge to that criminal conviction. We do so now, and join our sister circuits that have determined that one held in immigration detention is not "in custody" for the purpose of challenging a state conviction under § 2254. See Resendiz v. Kovensky, 416 F.3d 952, 956-58 (9th Cir. 2005); Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir. 2004); cf. United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004)(holding that immigration detention is not "custody" for the purposes of a habeas petition challenging a federal conviction under 28 U.S.C. § 2255); Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) (same).

Removal proceedings are at best a collateral consequence of conviction, and we must bear in mind "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it." Maleng, 490 U.S. at 492. That is precisely the situation in which Ogunwomoju now finds himself. And because the "in custody" language of § 2254(a) is jurisdictional and requires that habeas petitioners be in custody under a state conviction or sentence when they file for habeas relief, the judgment of the District Court dismissing Ogunwomoju's habeas petition for want of jurisdiction must be affirmed.

12

IV.

The District Court construed Ogunwomoju's habeas petition in the alternative as a petition for a writ of error coram nobis and denied alternative relief.  We have held that federal courts lack jurisdiction to grant such writs with respect to state court judgments.  See Finkelstein v. Spitzer, 455 F.3d 131, 133–34 (2d Cir. 2006).  The writ traditionally has been utilized by courts to correct errors within their own jurisdiction.  Id.  The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of error coram nobis but only such as are "necessary or appropriate in aid of their jurisdictions and agreeable to the uses and principles of law."  We have noted with approval that the "Sister Circuits that have addressed this question have ruled that the district courts lack jurisdiction to issue writs of error coram nobis to set aside judgments of State Courts."  Finkelstein, 455 F.3d at 134.  Accordingly, the District Court properly denied coram nobis as alternative relief.

**Conclusion**

We affirm the June 15, 2006 judgment of the United States District Court for the Southern District of New York dismissing for want of jurisdiction Ogunwomoju's petition for the writ of habeas corpus or, in the alternative, for the writ of coram nobis. To the extent that Ogunwomoju's petitions can be construed as a petition for review of the BIA's order of removal (a matter fully litigated to conclusion in the Third Circuit), we grant the Attorney General's motion to dismiss Ogunwomoju's petition for

13

want of jurisdiction, and we vacate the September 11, 2006 Order of the District Court entering a stay of removal.