AMENDED SUMMARY ORDER
The petitioner-appellant Patrick A. Triumph appeals from an order of the United States District Court for the District of Connecticut (Dorsey, J.) dated May 18, 2007, denying his petition for a writ of habeas corpus on the ground that the court lacked jurisdiction to entertain the petition. We assume the parties’ familiarity with the facts, procedural history, and specification of issues on appeal.
Triumph was born in Guyana and has lived in the United States as a lawful permanent resident since 1982. His tenure in the United States has not been without blemish. Among other things, in 1994 Triumph pled guilty in a Connecticut state court to larceny in the first degree. *551 He received a five year suspended sentence and five years of probation, which he served.
On April 6, 2005, Triumph was served with a Notice to Appear (“NOA”) by Immigration and Customs Enforcement (“ICE”), and was ultimately ordered removed. The NOA alleged that Triumph was subject to removal on two grounds: (1) committing acts which constitute the essential elements of a crime involving moral turpitude, and (2) having been convicted of two or more offenses for which the aggregate sentences of confinement actually imposed were five years or more. One of the convictions cited in the NOA as a basis for removal was the 1994 larceny conviction. Triumph is challenging his removal in the United States Court of Appeals for the Fifth Circuit. Triumph is currently being held in Louisiana under the deportation order.
On April 16, 2007, Triumph initiated the instant habeas proceeding, challenging his 1994 conviction, pursuant to 28 U.S.C. § 2254. At the time he filed the petition, Triumph was not incarcerated or on probation or parole as a result of the 1994 conviction. On May 18, 2007, the district court dismissed the petition, finding that it lacked jurisdiction to entertain it. The district court did, however, grant a certificate of appealability on the sole issue of whether Triumph was “in custody” pursuant to the 1994 conviction.
We review a district court’s denial of a petition for a writ of habeas corpus de novo. Francolino v. Kuhlman, 365 F.3d 137, 140 (2d Cir.2004). A prerequisite to both filing a petition for, and granting, a writ of habeas corpus for relief from a state court conviction is that the petitioner must be “in custody in violation of the Constitution or laws or treaties of the United States.” 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). “The first showing a [section] 2254 petitioner must make is that he is ‘in custody pursuant to the judgment of a State court.’” Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has interpreted this language to require that the “petitioner be ‘in custody’ under the conviction or sentence under attack at the time his petition is filed.” Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Thus, the only jurisdictional question is whether Triumph’s pending deportation renders him “in custody” pursuant to the 1994 conviction.
This Court has very recently held that it does not. See Ogunwomoju v. United States, 512 F.3d 69 (2d Cir.2008). In Ogunwomoju, the Court held “that immigration detention is not ‘custody’ for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254.” Id. at 70. In reaching this holding, the Court reasoned that removal proceedings are a collateral consequence of a conviction, and “once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual ‘in custody1 for the purposes of a habeas attack upon it.” Id. at 74 (some internal quotation marks omitted). Ogunwomoju controls the outcome of this appeal.[2]
*552 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

. Triumph also argues that, notwithstanding Ogunwomoju’s general rule, an exception exists allowing a habeas petition to proceed when a petitioner cannot be faulted for failing to obtain timely review of a constitutional claim. See Coss, 532 U.S. at 405-06, 121 S.Ct. 1567 (opinion of O’Connor, J., joined by Rehnquist, C.J., and Kennedy, J.). We need not, however, decide whether to validate that exception because it does not change the requirement that a habeas petitioner be "in custody” pursuant to the conviction he is *552 challenging. See id. at 401, 121 S.Ct. 1567 (majority opinion) (construing petitioner’s challenge to convictions under which he was no longer in custody as a challenge to the sentence he was currently serving). Since Triumph is not in custody pursuant to the 1994 conviction, and since Triumph’s petition clearly cannot be construed as a challenge to his detention, we lack jurisdiction to entertain the petition even assuming that Coss’s exception applied and Triumph fell squarely within it.