**Kevin R. WELLS, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 9:11–CV–471.

United States District Court,
N.D. New York.

Nov. 28, 2011.

---

Richard S. Hartunian, United States Attorney, Northern District of New York, of Counsel: Carlos A. Moreno, Esq., Asst. United States Attorney, Albany, NY, for Respondent.

---

1. Petitioner's related criminal case number is 5:09–CR–85.

Office of Stanley L. Cohen, of Counsel: Stanley L. Cohen, Esq., New York, NY, for Petitioner.

*MEMORANDUM–DECISION
and ORDER*

DAVID N. HURD, District Judge.

**I. *INTRODUCTION***

On February 18, 2009, a single-count indictment was filed charging petitioner Kevin R. Wells ("petitioner" or "Wells") with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(9).[1] Wells is allegedly a prohibited person based on a prior New York state conviction for a misdemeanor domestic violence crime. On April 25, 2011, Wells filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2254 challenging the constitutionality of this predicate state conviction. The Government opposes the motion, which was considered on submit.

**II. *FACTUAL BACKGROUND***

Following an argument with his wife, Stephanie Wells, petitioner was arrested on January 17, 2007, and charged with driving while intoxicated and unlawful imprisonment. On April 18, 2007, in the Massena Justice Court in St. Lawrence County, New York, Wells pleaded guilty to and was convicted of both charges. Wells, who was represented by counsel at the time,[2] was sentenced to forty-two days imprisonment, followed by a term of unconditional discharge. Wells was released from custody on May 22, 2007, and paid his outstanding fines on May 23, 2007.

In September 2007 Wells filled out a firearms transaction form in order to purchase a hunting rifle from a licensed fire-

---

2. Wells's current counsel was not the attorney who represented him during the state proceeding.

arms dealer. On the form, Wells indicated that he had never been convicted of a misdemeanor crime of domestic violence. Approximately three days later he took possession of the firearm. On May 2, 2008, a criminal complaint was filed in the Northern District of New York charging petitioner with being a prohibited person in possession of a firearm. A one-count indictment was returned on February 18, 2009, charging Wells with violating 18 U.S.C. § 922(g)(9).

Petitioner did not challenge his state conviction until January 20, 2010, when his current counsel filed a motion in the Massena Justice Court seeking to vacate the judgment on the grounds that the proceeding at which Wells pleaded guilty was unconstitutional. On February 22, 2010, petitioner's motion was denied. Wells appealed to the County Court, St. Lawrence County, on April 15, 2010. On July 15, 2010, the County Court denied Wells's motion to vacate his conviction and declined to order an evidentiary hearing into the matter. Wells sought leave to appeal from the New York State Court of Appeals, but his application was denied on November 23, 2010.

### III.  *DISCUSSION*

In his petition for a writ of habeas corpus, Wells argues that the April 18, 2007, proceeding—at which he voluntarily pleaded guilty to the predicate misdemeanor domestic violence crime in the Massena Justice Court—violated his due process rights guaranteed by the Fifth Amendment to the United States Constitution.

"The writ of habeas corpus shall not extend to a prisoner unless—[h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1) (2006). Further, a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2006).

Petitioner was completely discharged from his state sentence in May 2007. Therefore, he is not in custody pursuant to a judgment of the state, and he may not seek a writ of habeas corpus. *See Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989) (per curiam) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir.2008).

### IV.  *CONCLUSION*

As the sentence imposed for petitioner's state conviction expired in May 2007, he is not "in custody" for purposes of 28 U.S.C. § 2254.

Therefore, it is

ORDERED that petitioner Kevin R. Wells's petition for a writ of habeas corpus (Dkt. No. 1) is DENIED.

IT IS SO ORDERED.