Andres **MARTE**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

Andres Marte, Petitioner,

v.

**United States of America, Respondent.**

No. 03 Cr 514(VM).
Nos. 13 Civ. 1235(VM),
13 Civ. 1345(VM).

United States District Court,
S.D. New York.

June 25, 2013.

Andres Marte, Newark, NJ, pro se.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

By indictment filed on October 30, 2003, the Government charged Andres Marte ("Marte") with one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 ("Count One") among other charges. On August 24, 2005, Marte pled guilty to Count One pursuant to a written plea agreement with the Government.

During the plea allocution, Magistrate Judge Ronald Ellis confirmed, among other things, that: (a) Marte was satisfied with his attorney, Plea Hr'g Tr., Aug. 24, 2005, 6:24–25; (b) Marte had reviewed the plea agreement with his attorney and an interpreter, *id.*, 10:8–14; and (c) Marte understood that, by pleading guilty, he might be subject to deportation, *id.*, 5:6–7.

On May 29, 2006, this Court sentenced Marte to 46 months of imprisonment, followed by three years of supervised release. *See* Judgment, *United States v. Kleinhenze,* No. 3 Cr. 514. (S.D.N.Y. May 29, 2006), Dkt. No. 196. On November 16, 2012, Marte was ordered to be deported by an immigration judge.

On February 20, 2013, Marte, acting pro se, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See* Def.'s Mot., *Marte v. United States,* No. 13 Civ. 1235 (S.D.N.Y. Feb. 20, 2013), Dkt. No. 1 (the "Habeas Petition"). On the same day, Marte, again acting pro se, filed a petition for writ of error Coram Nobis pursuant to 28 U.S.C. § 1651. *See* Def. Mot., *Marte v. United States,* No. 13 Civ. 1345 (S.D.N.Y. Feb. 20, 2013), Dkt. No. 1 (the "Coram Nobis Petition").

### I. *LEGAL STANDARD*

A person in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of "the Constitution or laws of the United States, or the court was without jurisdiction to impose such a sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Coram nobis relief is "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States,* 146 F.3d 88, 89–90 (2d Cir.1998). When "reviewing a petition for the writ, a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States v. Mandanici,* 205 F.3d 519, 524 (2d Cir.2000).

### II. *DISCUSSION*

At the outset, the Court notes that Marte is a pro se litigant. As such, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993) (internal citation omitted). The Court must

construe Marte's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted).

Marte alleges in both of his petitions that he was deprived of the effective assistance of counsel. *See* Habeas Pet. at 4, 10; *see also* Coram Nobis Pet. at 2. Specifically, Marte asserts that his attorney failed to inform him that he could be subject to deportation as a result of his guilty plea.

■ A person who has completed his sentence and is being held subject to a removal action, is not in custody for the purpose of filing a habeas petition. *See Ogunwomoju v. State,* 512 F.3d 69, 75 (2d Cir.2008). Because Marte is no longer in custody, this court can properly consider only the Coram Nobis Petition for relief. Nevertheless, because the two petitions rest on the same claim of ineffective assistance of counsel, they are addressed together.

■ In order to prove ineffective assistance of counsel the petitioner must satisfy a two-prong test. First, he must show that "counsel's representation fell below an objective standard of reasonableness" according to "prevailing norms." [1] *Strickland v. Washington,* 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the petitioner must show that he suffered prejudice as a result of his counsel's deficient performance. *Id.* at 693, 104 S.Ct. 2052. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the re-

sult of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

■ A defendant fails to satisfy the "prejudice prong" of *Strickland* where his attorney fails to inform him of the potential for deportation but the deportation consequences are otherwise addressed in the plea agreement or allocution. *Nangia v. United States,* No. 11 Civ. 6056, 2012 WL 4513477, at *2 (S.D.N.Y. Oct. 2, 2012) ("Where, as here, prior to accepting his plea, a petitioner is advised that he is subject to deportation as a result of his guilty plea, he cannot show prejudice related to his subsequent deportation."); *Gonzalez v. United States,* No. 10 Civ. 5436, 2010 WL 3465603, at *1 (S.D.N.Y. Sept. 3, 2010) ("Assuming that Gonzalez's trial attorney failed to advise him that he could be deported as a result of pleading guilty, that failure was not prejudicial since, prior to accepting his plea, I advised Gonzalez that he could be deported as a result of his guilty plea."); *United States v. Akwaboa,* No. 11 Cr. 57, 2013 WL 625038, at *2 (S.D.N.Y. Feb. 15, 2013) ("Even if trial counsel performed deficiently by failing to advise petitioner of the deportation consequences of his guilty plea ... petitioner could not have suffered prejudice."); *Ottenwarde v. United States,* No. 12 Civ. 6537, 2013 WL 1242632, at *6 (S.D.N.Y. Mar. 28, 2013) ("During his plea allocution, Ottenwarde repeatedly confirmed that he understood his conviction could be used to remove him from the United States.").

■ Marte has failed to establish that he was deprived of effective of assistance

---

1. Because Marte has failed to show that he suffered prejudice as a result of his counsel's deficient performance, this Court need not reach the question of whether Marte's counsel failed to meet an "objective standard of reasonableness." *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. Nevertheless, Marte acknowledges that his counsel encouraged him

to move forward with his plea hearing because of the favorable nature of the plea offer. *See* Coram Nobis Pet. at ¶ 2. The test for determining deficient performance is highly deferential towards counsel's choice of strategy. *See Strickland,* 466 U.S. at 688–91, 104 S.Ct. 2052.

of counsel, but for which he would have elected to proceed to trial. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Even if Marte's trial counsel failed to inform him of the deportation consequences, Marte fails to show prejudice because he affirmed his understanding of the deportation implications of his guilty plea during the plea allocution. *See* Plea Hr'g Tr. 5:6–7; *see also Gonzalez,* 2010 WL 3465603, at *1.[2]

 Marte also asserts that counsel was ineffective for failing to investigate his role in the drug conspiracy, *see* Habeas Pet. at 4; *see also* Coram Nobis Pet. at 4, and that his plea was not entered knowingly due to elevated blood sugar levels, *see* Coram Nobis Pet. at 2. These comments are inconsistent with Marte's approval of counsel during the plea allocution, Plea Hr'g Tr. 6:24–25, and his acknowledgment of his ability to understand the proceedings, *id.* at 6:7–20. Oaths made in open court carry a strong presumption of truth. *Blackledge v. Allison,* 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Because Marte's petitions contain few specific facts, and those facts are inconsistent with his statement at the plea allocution, there is no issue of fact which, if proved at a hearing, would entitle the petitioner to relief. *See* Plea Hr'g Tr. 12:7–13:3; *see also Boakye v. United States,* No. 09 Civ. 8217, 2010 WL 1645055, at *7 (S.D.N.Y. Apr. 22, 2010) ("The only disputed issues of fact identified by Petitioner's conclusory memorandum are contradicted by the record ... Petitioner has identified no real disputed issues of fact supported by competent evidence, which, if proved at a hearing, would entitle Petitioner to relief.").[3]

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Dkt. No. 1) of petitioner Andres Marte to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in *Marte v. United States,* No. 13 Civ. 1235 (S.D.N.Y.) is **DENIED.**

**ORDERED** that the motion (Dkt. No. 1) of petitioner, Andres Marte, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 1651 in *Marte v. United States,* No. 13 Civ. 1345 (S.D.N.Y.) is **DENIED.**

The Clerk of Court is directed to terminate any-pending motions and close these cases.

**SO ORDERED.**

---

**2.** Marte relies on *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) to argue that because deportation was mandatory for his offense that he suffered ineffective assistance of counsel when he was not informed of the mandatory nature of his deportation. *See* Coram Nobis Pet. at 3. However, this District, post *Padilla,* has denied ineffective assistance of counsel claims, even for mandatory deportation, where the petitioner affirmed his understanding of the potential for deportation during the plea allocution. *See e.g. Ottenwarde,* 2013 WL 1242632, at *2.

**3.** Marte also asserts that he received ineffective assistance of counsel because his representation did not try to secure a guilty plea pursuant to the Federal First Offender Act 18 U.S.C. § 3607 (the "FFOA"). *See* Coram Nobis Pet. at 3. This argument is unpersuasive because the FFOA applies only to simple controlled substance possession offenses pursuant to 21 U.S.C. § 844 and Marte was pled guilty to a violation of 21 U.S.C. § 846. Plea Hr'g Tr., 4:2–7.