JUDGE TAUBMAN concurring in part and dissenting in part.
¶ 19 Because I disagree with the majority that the trial court may not consider Espino-Paez's Crim. P. 32(d) motion to withdraw his guilty plea, I respectfully dissent to part III of its opinion. However, I concur with the majority's conclusion in part II to reject Espino-Paez's argument under Crim. P. 35(c).
¶ 20 Although noncitizens may seek withdrawal of their guilty pleas to avoid deportation, only those in two categories may do so, according to the majority. First, a noncitizen, whose deferred judgment is revoked because he or she violates the law, may bring a Crim. P. 35(c) motion alleging ineffective assistance of counsel. See People v. Carbajal, 198 P.3d 102, 105 (Colo.2008) ; cf. People v. Kazadi, 284 P.3d 70, 75-76 (Colo.App.2011) (noting that a deferred judgment is not reviewable under Crim. P. 35 unless it is revoked and judgment is entered), aff'd, 2012 CO 73, 291 P.3d 16. Second, a noncitizen, whose deferred judgment is pending, may allege ineffective assistance of counsel under Crim. P. 32(d). See People v. Kazadi, 2012 CO 73, ¶¶ 20-22, 291 P.3d 16. However, a noncitizen, who successfully completes his or her deferred judgment, lacks any remedy under both Crim. P. 35(c) and Crim. P. 32(d), according to the majority.
¶ 21 Thus, under the majority's view, because Espino-Paez successfully completed his deferred judgment, he is left without a remedy even if he received ineffective assistance of counsel.
¶ 22 The majority distinguishes the present case from Kazadi, where the supreme court allowed a noncitizen to bring an ineffective assistance of counsel claim under Crim. P. 32(d) because his deferred judgment was still pending. Kazadi, ¶ 20.
¶ 23 In that case, Kazadi pleaded guilty to a class 4 felony and a class 1 misdemeanor and stipulated to a deferred judgment and sentence on his felony conviction and a probationary sentence on the misdemeanor. Id. at ¶ 4. Following a later arrest, federal immigration authorities instituted removal proceedings against him. Id. at ¶ 7. He then filed an ineffective assistance of counsel claim under Crim. P. 35(c) to collaterally attack his convictions. Id . at ¶ 8. He argued that he would not have pleaded guilty to the drug possession charges against him had his plea counsel informed him that by doing so he would subject himself to mandatory removal proceedings. Id .
¶ 24 A division of this court concluded that the postconviction court had jurisdiction to review his misdemeanor conviction but lacked jurisdiction to review his deferred judgment on his felony conviction under Crim. P. 35(c) because the trial court had not imposed a judgment and sentence for his felony conviction. Kazadi, 284 P.3d at 75-76.
¶ 25 I dissented, concluding that Kazadi could collaterally attack his deferred judgment and sentence under Crim. P. 35(c). Id . at 76-79. In my view, no rule or statute *552 required a judgment of conviction as a prerequisite to filing a Crim. P. 35(c) motion. Id . at 78-79.
¶ 26 After the supreme court granted Kazadi's petition for certiorari, the People proposed relief under Crim. P. 32(d) as an alternative remedy to Crim. P. 35(c). During oral arguments, however, Kazadi's attorney (who also represents Espino-Paez) stated that the People's proposed remedy could present a serious problem for those who had completed their deferred judgments because Crim. P. 32(d) might not be a viable remedy for them.
¶ 27 Ultimately, the supreme court held that a "judgment of conviction" is a prerequisite to filling an ineffective assistance of counsel claim under Crim. P. 35(c), and that a deferred judgment is not a judgment of conviction or a final, appealable judgment. Kazadi, ¶¶ 18-19. It further held that "[a] deferred judgment is not the equivalent of a suspension of sentence because no sentence has been imposed. Rather, a deferred judgment is a continuance of the defendant's case in lieu of the imposition of sentence, where a sentence may be issued if the defendant fails to abide by prescribed conditions." Id . at ¶ 20.
¶ 28 Recognizing that both parties agreed that Crim. P. 32(d) was an available remedy, the supreme court concluded that a deferred judgment fits within the scope of Crim. P. 32(d) and allowed Kazadi to file a motion to withdraw his guilty plea under that rule. Id .
¶ 29 Contrary to the majority, I conclude that the supreme court in Kazadi did not limit its holding to "uncompleted or pending deferred judgments."
¶ 30 In my view, it would be illogical to conclude that a defendant like Kazadi, who had not yet completed his deferred judgment, may move to set aside a guilty plea under Crim. P. 32(d) for ineffective assistance of counsel, but Espino-Paez may not. Cf . Kazadi, ¶ 25 (Bender, J., dissenting) ("In my view, it is incongruous that a defendant who has received the privilege and benefit of a more lenient deferred judgment would have a more limited right of postconviction review to this constitutional claim than a defendant who has received a more traditional sentence to prison, jail, or probation...."). The facts of the present case are even more sympathetic as to the plight of a noncitizen who benefited initially from a deferred judgment than those presented in Kazadi .
¶ 31 In 1996, Espino-Paez was charged with possession of a schedule II controlled substance, a class 4 felony. On the advice of his attorney, he pleaded guilty to that offense, and stipulated to a deferred judgment for a period of one year on the condition that he complete drug and alcohol treatment. A year later, the trial court withdrew the guilty plea on the basis that Espino-Paez had complied with the conditions of the deferred judgment.
¶ 32 Prior to his guilty plea, his father had submitted an application for him to become a lawful permanent resident. Due to lengthy backlogs in immigrant visa processing, however, Espino-Paez turned twenty-one during the pendency of his application and he was required to wait further before he became eligible to apply for permanent residency.
¶ 33 In 2011, he applied for permanent resident status and was granted employment authorization. In 2012, however, his application for permanent residency was denied because of his 1996 deferred judgment.
¶ 34 He then filed a petition for postconviction relief under Crim. P. 35(c) or Crim. P. 32(d). He claimed ineffective assistance of counsel because his plea attorney failed to investigate and advise him that he would be subject to removal proceedings by stipulating to a deferred judgment. The trial court summarily denied the petition, ruling that Espino-Paez had not alleged or demonstrated how he was prejudiced by his attorney's failure to investigate and advise him of the immigration consequences of his guilty plea.
¶ 35 In Padilla v. Kentucky, 559 U.S. 356, 364, 130 S.Ct. 1473, 1480-81, 176 L.Ed.2d 284 (2010) (internal quotation marks omitted), the United States Supreme Court held that "[b]efore deciding whether to plead guilty, a defendant is entitled to the effective assistance of competent counsel." In the deportation context, effective assistance includes informing a client whether a guilty plea *553 agreement "carries a risk of deportation." Id . at 374, 130 S.Ct. at 1486.
¶ 36 In People v. Pozo, 746 P.2d 523, 529 (Colo.1987), the Colorado Supreme Court ruled that an attorney may be ineffective when he or she has "sufficient information to form a reasonable belief that the client was in fact an alien," but fails to investigate the deportation consequences of a guilty plea.
¶ 37 Here, the discovery obtained in the case indicated that Espino-Paez was born in Mexico. Further, he has a Hispanic name, spoke Spanish, and needed an interpreter during the hearings in this case. Because there was sufficient information for his attorney to form a reasonable belief that Espino-Paez was a noncitizen, trial counsel should have investigated relevant immigration law. See id. (requiring attorneys representing noncitizens to investigate "material legal principles that may significantly impact the particular circumstances of their clients"). Therefore, Espino-Paez may be able to establish that he received ineffective assistance from his plea counsel.
¶ 38 However, the majority's decision precludes him from obtaining relief pursuant to Crim. P. 32(d) because he successfully completed his deferred judgment. Consequently, Espino-Paez is subject to removal and has been left without a legal remedy.
¶ 39 He has no remedy under federal law, as well. To file a petition for a writ of habeas corpus, a defendant must be "in custody." However, "immigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction." Ogunwomoju v. United States, 512 F.3d 69, 70 (2d Cir.2008). Further, a defendant may not obtain habeas relief for a conviction that has been fully served. See Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989).
¶ 40 Thus, a federal court would presumably deny Espino-Paez relief. Because he may not seek relief in federal court, providing relief in state court is the only viable solution.
¶ 41 If this case were remanded to the trial court for an evidentiary hearing to determine Espino-Paez's ineffective assistance of counsel claim under Crim. P. 32(d), and if the court were to find that his attorney was in fact ineffective, the trial court could reinstate the charges against him and Espino-Paez could plead not guilty or seek a plea agreement that would avoid deportation.
¶ 42 Indeed, Espino-Paez's attorney informed this division during oral argument, that after the supreme court remanded the Kazadi case to the trial court, the prosecution reinstated the charges, and Kazadi pleaded guilty to a charge that did not subject him to deportation. Thus, Espino-Paez might obtain the same outcome here if the court had jurisdiction to hear his motion.
¶ 43 Accordingly, in my view, this case should be remanded to the trial court for an evidentiary hearing to determine Espino-Paez's ineffective assistance of counsel claim under Crim. P. 32(d).