*Brown v. State of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

LEON A. BROWN, JR.,

> *Petitioner-Appellant,*

v.                                                                              24-1910

STATE OF NEW YORK,

> *Respondent-Appellee.*

---

For Petitioner-Appellant:          Leon A. Brown, Jr., *pro se*, Las Vegas, NV

For Defendants-Appellants:          Michelle Maerov, Senior Assistant Attorney General of Counsel, Barbara D. Underwood, Solicitor General, Ira M. Fienberg, Deputy Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, NY

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioner Leon A. Brown, Jr., appeals from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *District Judge*) entered on June 24, 2024, dismissing his petition for a writ of error *coram nobis*.   In 1992, Brown pleaded guilty to second-degree sexual abuse in New York state court.   He is no longer imprisoned or on probation, but is subject to New York's Sex Offender Registration and Notification Act.   In July 2023, he filed a motion for a writ of error *coram nobis* in state court, which was denied in August 2024.   In April 2024, he filed this federal petition for a writ of error *coram nobis* in the Northern District of New York.   The petition challenges the validity of his 1992 state conviction on the ground that he received ineffective assistance of counsel.   The petition also challenges the validity of his placement on New York's sex offender registry.   The district court dismissed Brown's petition *sua sponte*, concluding that it lacked jurisdiction to grant *coram nobis* relief with respect to a state court judgment.   Brown appealed.   We assume the parties' familiarity with the case.

This Court "reviews *de novo* the legal standards that the district court has applied but reviews for abuse of discretion the court's ultimate decision to deny the writ." *Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019).[1]   The district court properly concluded that it lacked jurisdiction to grant Brown's petition for a writ of *coram nobis*, because "federal courts lack jurisdiction to grant such writs with respect to state court judgments." *Ogunwomoju v. United*

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

*States*, 512 F.3d 69, 75 (2d Cir. 2008); *see also Finkelstein v. Spitzer*, 455 F.3d 131, 133–34 (2d Cir. 2006).   We have explained that "the writ traditionally has been utilized by courts to correct errors within *their own jurisdiction*."   *Ogunwomoju*, 512 F.3d at 75 (emphasis added); *see also* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law.") (emphasis added).   Because the district court lacked jurisdiction to grant the writ, it did not abuse its discretion in denying Brown's petition.

We have considered Brown's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3