Steven **FINKELSTEIN,** Petitioner–Appellant,

v.

Eliot **SPITZER,** Attorney General, Respondent–Appellee.

Docket No. 05–4725–pr.

United States Court of Appeals, Second Circuit.

Submitted: Feb. 16, 2006.

Decided: July 11, 2006.

**132**

Steven Finkelstein, pro se, Woodmere, NY.

Before KEARSE and SACK, Circuit Judges, and STANCEU, Judge *.

* Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by

PER CURIAM.

Petitioner *pro se* Steven Finkelstein moves for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to permit him to appeal from so much of a judgment of the United States District Court for the Eastern District of New York, Joanna Seybert, *Judge,* as denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254 vacating his New York State convictions for larceny and submission of false Medicaid claims (collectively the "fraud convictions"). Finkelstein also appeals from so much of the judgment as denied his request for a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, *see, e.g., United States v. Baptiste,* 223 F.3d 188, 189 n. 1 (3rd Cir.2000) (COA not required in order to seek review of denial of a petition for *coram nobis* ). The district court denied habeas relief on the ground that Finkelstein was not in custody at the time his petition was filed; it denied *coram nobis* relief on the ground that the federal district courts lack jurisdiction to grant such relief from a judgment of a state court. For the reasons that follow, we deny the COA motion, and we affirm the denial of *coram nobis* relief substantially for the reasons stated by the district court.

Finkelstein's fraud convictions were entered in Nassau County Court, State of New York (the "state court"), in March 2003. He was sentenced principally to an indeterminate prison term of one and one-third to four years, and his convictions were affirmed. He served his prison term and was released on parole; he was discharged from parole in April 2005.

In May 2005, Finkelstein filed a *pro se* petition in the district court for a "WRIT

designation.

OF ERROR CORAM NOBIS," citing, *inter alia*, 28 U.S.C. § 1651, seeking to vacate his state-court convictions on the ground that his "Federal and State Constitutional right[s] were violated because [he] was denied ... effective and meaningful assistance of coun[sel]" at trial. (Petition filed May 20, 2005, at 1.) In a Reply Affidavit dated June 21, 2005, Finkelstein urged the district court to treat his petition, alternatively, as one seeking the same relief by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In a Memorandum and Order dated August 18, 2005, the district court denied Finkelstein's petition for *coram nobis* relief, ruling that it lacked subject matter jurisdiction to grant such relief because an application for that writ "is only properly made to the court that rendered the challenged determination," Memorandum and Order at 4. The court concluded that Finkelstein's alternative request for a writ of habeas corpus must be denied because when he filed his petition he was no longer in custody with respect to the challenged convictions. *See id.* at 6–7. Finkelstein seeks review of these rulings.

### A.  *Habeas Corpus*

■ In order to appeal from the denial of a federal writ of habeas corpus under 28 U.S.C. § 2254, a petitioner seeking relief from a state-court conviction must obtain a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A). Such a certificate "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Section 2254 allows a federal court to entertain a habeas corpus petition for relief from a state-court judgment "only on the ground that [the petitioner] is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

This provision "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *see Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). As the district court was informed by Finkelstein's submissions that Finkelstein was no longer in custody in connection with his fraud convictions at the time he filed his present petition, he has not made a substantial showing that he was in custody by reason of the denial of a constitutional right. Accordingly, we deny Finkelstein's motion for a certificate of appealability.

### B.  *Coram Nobis*

■ Insofar as Finkelstein sought a writ of *coram nobis*, we agree with the district court that that court lacks jurisdiction to grant such a writ with respect to a judgment of a state court. As a historical matter, the writ of *coram nobis* was used by a court to correct its own errors. The term *"coram nobis,"* defined in Black's Law Dictionary as "before us," *Black's Law Dictionary* 362 (8th ed.2004), comes from the phrase "error *quae coram nobis resident,"* *see, e.g.,* 2 *Tidd's Practice* 1136–37 (4th Amer. ed. 1856), which means, literally, an error "which remains in our presence," see Note, The Writ of Error *Coram Nobis,* 37 Harv. L.Rev. 744, 744 n. 2 (1923) ("remaining before us"). Thus, at common law, the writ was used by a court in cases within its own jurisdiction, not to correct errors in other jurisdictions. *See, e.g., United States v. Morgan,* 346 U.S. 502, 507 n. 9, 74 S.Ct. 247, 98 L.Ed. 248 (1954) (" 'if there be error in the process, or through the default of the clerks, it may be reversed *in the same court,* by writ of error *coram nobis* ....' " (quoting 2 *Tidd's Practice* at 1136) (emphasis ours) (other emphases omitted)).

In *Morgan,* the Supreme Court noted that the writ of error *coram nobis* "has been used, in the United States, with and without statutory authority but always with reference to its common-law scope." 346 U.S. at 508, 74 S.Ct. 247. Consistent with that observation, the All Writs Act, from which the federal courts derive their power to issue writs of error *coram nobis,* provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a) (emphasis added). As the text plainly indicates, "the All Writs Act does not confer jurisdiction on the federal courts." *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 33, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

Accordingly, our Sister Circuits that have addressed this question have ruled that the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts. *See, e.g., Obado v. New Jersey,* 328 F.3d 716, 718 (3rd Cir.2003) ("*coram nobis* is not available in a federal court as a means of attack on a state criminal judgment"); *Rivenburgh v. Utah,* 299 F.2d 842, 843 (10th Cir.1962) ("use of the writ is limited by tradition and rule ... and cannot be used as a ... collateral writ of error between state and federal jurisdictions"); *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir.1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." (internal quotation marks omitted)); *Booker v. Arkansas,* 380 F.2d 240, 244 (8th Cir.1967) ("Relief by the writ ... is available, if at all, only in the court which rendered the judgment under attack."), *abrogated on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Thomas v. Cunningham,* 335 F.2d 67, 69

(4th Cir.1964) ("Error coram nobis ... cannot issue under the instant proceeding ... for the judgments are not in the court which Thomas has petitioned."); *Lowery v. McCaughtry,* 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court.").

We agree and affirm the district court's denial of Finkelstein's petition for *coram nobis* relief on the ground of lack of subject matter jurisdiction.