FILED
United States Court of Appeals
Tenth Circuit

March 18, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONALD C. CALHOUN,

        Petitioner - Appellant,

v.

THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondent - Appellee.

No. 13-1047

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:12-CV-02452-LTB)**

---

Submitted on the briefs:[*]

Ronald C. Calhoun, Pro se.

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, for Respondent-Appellee.

---

Before **KELLY**, **ANDERSON**, and **MATHESON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Ronald C. Calhoun, proceeding pro se, appeals the district court's dismissal of his habeas corpus petition filed under 28 U.S.C. § 2254.[1] The district court held that Mr. Calhoun was not "in custody," as required to invoke the jurisdiction of the federal courts. Mr. Calhoun asserts that he is in custody for the purpose of § 2254 because he must register as a sex offender. This court issued a certificate of appealability on the following issue: whether Mr. Calhoun's ongoing registration obligations under Colorado's Sex Offender Registration Act satisfy the custody requirement of § 2254. We affirm the district court's dismissal for lack of jurisdiction.

## I.    BACKGROUND

In October 2002, Mr. Calhoun entered a guilty plea to a charge of unlawful sexual contact in violation of Colorado Revised Statute § 18-3-404(1)(a). He was sentenced to two years of probation, ordered to complete a sex-offense-specific treatment program, and required to register as a sex offender. In 2003, due to a probation violation, he was sentenced to two years in prison, but the sentence was suspended on the condition that he successfully complete two years of

---

[1]    The underlying § 2254 petition, filed in September 2012, is Mr. Calhoun's third. The district court dismissed his first two.

sex-offense-specific probation.  His probation was terminated on February 2, 2007, and in September 2012, he filed the underlying habeas petition asserting nine claims.[2]

Because he was convicted of a sex offense, Mr. Calhoun is required to register pursuant to Colorado's sex-offender statutes.  *See* Colo. Rev. Stat. § 16-22-103.  He must annually appear in person at the local sheriff's office to be photographed and fingerprinted.  *Id.* § 16-22-108(6).  In addition, he must provide his address, place of employment, vehicle information, and email and other internet identifiers.  *Id.* § 16-22-109(1).  He must also reregister within five days of any change to that information, *id.* § 16-22-108(3), and the sheriff must verify his residential address at least annually, *id.* § 16-22-109(3.5)(a).  He may request release from the duty to register as a sex offender ten years after the end of his probationary period.  *See id.* § 16-22-113(1)(b).  Mr. Calhoun asserts that these registration requirements sufficiently restrict his freedom to meet § 2254's custody requirement.

## II.    DISCUSSION

Section 2254(a) requires a petitioner to be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States."  "The custody requirement is jurisdictional."  *Mays v. Dinwiddie*,

---

[2]    Mr. Calhoun's nine claims are:  "(1) "Wrongful Termination of Social Security Disability Benefits by the Colorado District Court,"  (2) "Denial of Relief for Wrongful Prosecution," (3) "Ineffective Assistance of Counsel," (4) "Violation of Due Process in Denial of State Habeas Corpus," (5) "Violation of the Double Jeopardy Clause," (6) "Defamation of Character," (7) "Violation of Title II of the Americans With Disabilities Act," (8) "Fraudulent Record Keeping," and (9) "Coerced and Involuntary Confession."  R. at 11-15.

580 F.3d 1136, 1139 (10th Cir. 2009).  We review de novo the legal question "as to the proper interpretation of the 'in custody' requirement of 28 U.S.C. § 2254." *Id.* at 1138.  We liberally construe Mr. Calhoun's pro se filings.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

A petitioner must satisfy the custody requirement at the time the habeas petition is filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  He need not, however, show actual, physical custody to obtain relief.  *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam).  Habeas corpus is available for prisoners released on parole or personal recognizance.  *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (parole); *Hensley v. Municipal Court*, 411 U.S. 345, 346, 353 (1973) (personal recognizance).  It is also available to prisoners serving consecutive sentences, *Garlotte v. Fordice*, 515 U.S. 39, 46-47 (1995), as well as to aliens seeking entry into the United States, *Jones*, 371 U.S. at 240 & n.9, and persons "questioning the legality of an induction or enlistment into the military service," *id.* at 240 & n. 11.  Commitment to a mental institution or incarceration as the result of a civil contempt order may also meet the custody requirement.  *Duncan v. Walker*, 533 U.S. 167, 176 (2001).

The writ is available in situations where a state-court criminal conviction has subjected the petitioner to "severe restraints on [his or her] individual liberty." *Hensley*, 411 U.S. at 351.  A restraint is severe when it is "not shared by the public generally."  *Jones*, 371 U.S. at 240.  But the remedy of a writ of habeas corpus is not "generally available . . . for every violation of federal rights."  *Lehman v. Lycoming*

*Cnty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982). "Thus, the collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement." *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) (collecting cases). For example, "the payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes." *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) (internal quotation marks omitted). Other circumstances that have been held to be collateral consequences of conviction, rather than a restraint on liberty, are the "inability to vote, engage in certain businesses, hold public office, or serve as a juror," *Maleng*, 490 U.S. at 491-92, revocation of a driver's license, medical license, or a license to practice law, and disqualification as a real estate broker and insurance agent, *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (collecting cases).

Mr. Calhoun argues that he can be taken into custody if he violates the registration requirements. We agree with the courts holding that "the future threat of incarceration for registrants who fail to comply with the [sex-offender registration] statute[s] is insufficient to satisfy the custody requirement." *Virsnieks*, 521 F.3d at 720 (collecting cases). Moreover, the Colorado sex-offender registration requirements are remedial, not punitive. *People v. Sheth*, 318 P.3d 533, 534 (Colo. Ct. App.) ("The purpose of [sex-offender] registration is not to punish the defendant,

but to protect the community and to aid law enforcement officials in investigating future sex crimes." (internal quotation marks omitted)), *cert. denied*, 2013 WL 6795156 (Colo. 2013).

It is undisputed that Mr. Calhoun was unconditionally released from the obligations of his probation before he filed his § 2254 petition. Accordingly, there is no condition of his sentence that could subject him to reincarceration or place another restraint on his liberty. He is free to live, work, travel, and engage in all legal activities without limitation and without approval by a government official. Consequently, we conclude that the Colorado sex-offender registration requirements at issue here are collateral consequences of conviction that do not impose a severe restriction on an individual's freedom. Therefore, they are insufficient to satisfy the custody requirement of § 2254. Permitting a petitioner whose sentence has completely expired and who "suffers no present restraint from [the] conviction" to challenge the conviction at any time on federal habeas "would read the 'in custody' requirement out of the statute." *Maleng*, 490 U.S. at 492.

Therefore, we join the circuits uniformly holding that the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be "in custody" at the time he files a habeas petition. *See Wilson v. Flaherty*, 689 F.3d 332, 335, 338-39 (4th Cir. 2012) (considering Virginia and Texas sex-offender-registration statutes; petitioner moved from Virginia to Texas), *cert. denied*, 133 S. Ct. 2853 (2013); *Virsnieks*, 521 F.3d at 720

(Wisconsin statute); *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002), (Ohio statute); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (per curiam) (Oregon statute); *Henry v. Lungren*, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California statute); *Williamson*, 151 F.3d at 1184 (Washington statute).

## III.    CONCLUSION

Mr. Calhoun was not in custody when he filed his § 2254 petition.  Therefore, the district court was without jurisdiction to consider the merits of the petition.  The judgment of the district court is affirmed.