UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BOBBI LOUAINE PARKER,

      Petitioner – Appellant,

v.

RICHARD DARBY, District Judge of
Greer County, Oklahoma; E. SCOTT
PRUITT, Oklahoma Attorney General,

      Respondents – Appellees.

No. 14-6209
(D.C. No. 5:13-CV-01295-R)
(W.D. Okla.)

### ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

On September 21, 2011, an Oklahoma state court jury convicted Bobbi Parker of assisting a prisoner to escape, a felony. The district court of Greer County, Oklahoma, sentenced her to one year in prison, and she was released on April 5, 2012. On December 19, 2013, she filed a petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus.

Despite her discharge from custody, Parker argued to the district court that, for reasons spelled out below, she remained "in custody" because her conviction subjected her to "severe restraints on her individual liberty." The district court disagreed and

---

    * After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist this appeal, so the case is ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

concluded that it lacked jurisdiction over Parker's petition because she failed to establish that she was "in custody" as required by § 2254. It dismissed her petition, and Parker appeals.

Although unacknowledged by Parker, she must obtain a certificate of appealability before she may proceed with her appeal. Unless we issue a certificate of appealability, "an appeal may not be taken . . . [from] the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court . . . ." 28 U.S.C. § 2253(c)(1). Section 2254 states that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to a judgment of a State court* only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). For substantially the same reasons as the district court, we conclude that Parker has failed to show that she is "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added); *see also Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (denying a certificate of appealability because the petitioner could not demonstrate that he was in custody), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). We therefore deny her a certificate of appealability.

The "in custody" language of § 2254 is jurisdictional and requires habeas petitioners to be "in custody" under the conviction or sentence under attack when they file the petition. *Mays v. Dinwiddie*, 580 F.3d 1136, 1138–39 (10th Cir. 2009). The petitioner must satisfy the in-custody requirement when she files the habeas action. *Spencer v.*

*Kemna*, 523 U.S. 1, 7 (1998). In doing so, a petitioner need not be incarcerated to satisfy the in-custody requirement. *Mays*, 580 F.3d at 1139; *see also Calhoun v. Attorney Gen. of Colorado*, 745 F.3d 1070, 1073 (10th Cir. 2014) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989)). For example, a petitioner can establish the in-custody requirement if the conviction has severely restrained her individual liberty. *Calhoun*, 745 F.3d at 1073 (citing *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973)).

To show a severe restraint on her individual liberty sufficient to qualify as being "in custody," Parker offers: (1) she must pay $100.00 each month toward the costs imposed by her judgment and sentence; (2) she faces incarceration if she fails to pay; (3) she has lost the right to vote; (4) she has lost the right to run for office; and (5) she cannot obtain employment as a grade school teacher, her occupation before her conviction.

The payment of restitution or fines, without more, does not qualify as a significant restraint on liberty. *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789 (10th Cir. 2008). Further, the threat of future incarceration is insufficient to satisfy the requirement that the petitioner be currently in custody. *See c.f. Calhoun*, 745 F.3d at 1074 (holding that the future threat of incarceration for registrants who fail to comply with the sex-offender registration statutes is insufficient to satisfy the custody requirement). Finally, the rest of Parker's listed restraints are only collateral consequences of her earlier conviction and, without more, are not sufficient to render an individual "in custody." *Maleng*, 490 U.S. at 492; *Calhoun*, 745 F.3d at 1073–74. Even considering all of these restraints together, we conclude that Parker has failed to establish a sufficiently severe restraint on her liberty to satisfy the "in custody" requirement.

Accordingly, we conclude that Parker is not currently "in custody pursuant to a judgment of a State court," and we decline to issue a certificate of appealability.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge