**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMMY HOWARD DICKEY,

      Petitioner - Appellant,

v.

JOE ALLBAUGH, Interim Director
Oklahoma Department of Corrections;
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 15-6234
(D.C. No. 5:15-CV-00685-M)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **KELLY**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

Timmy Howard Dickey appeals from the district court's dismissal of his

petition for a writ of habeas corpus, 28 U.S.C. § 2254, or in the alternative,

habeas relief pursuant 28 U.S.C. § 2241, or a writ of <u>audita querela</u> or <u>coram</u>

<u>nobis</u>. <u>Dickey v. Patton</u>, 2015 WL 8494009 (W.D. Okla. Dec. 10, 2015). Upon

recommendation of the magistrate judge, <u>Dickey v. Patton</u>, 2015 WL 8592709

(W.D. Okla. Sept. 28, 2015), the district court held that Mr. Dickey was not "in

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

custody" nor entitled to relief on alternate grounds. The district court granted a certificate of appealability on whether Oklahoma's sex offender registration requirements satisfy the "in custody" requirement, and whether Mr. Dickey is nevertheless entitled to relief under the All Writs Act via the writ of <u>audita querela</u> or the writ of <u>coram nobis</u>. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Background

In 2011, Mr. Dickey was convicted of child sexual abuse and sentenced to five years' imprisonment after being tried by a jury. Aplt. App. 84. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA), held that the record was inadequate to establish one of the elements of the offense.[1] <u>Id.</u> 27. Rather than reverse the conviction, however, the OCCA modified Mr. Dickey's conviction to incest, a charge the state had not elected to bring, and determined his sentence should remain the same. <u>Id.</u> 15, 28–29.

Seeking to overturn the decision of the OCCA, Mr. Dickey filed an application for post-conviction relief. The state district court denied his application, and the OCCA affirmed, concluding that incest was a lesser-included

---

[1] Specifically, the OCCA found that the record did not establish that Mr. Dickey was "a person responsible for the health, safety, or welfare" of the victim, which was an element of the offense of child sexual abuse pursuant to Oklahoma law at the time of the offense. Aplt. App. 26–27 (quoting 21 O.S. Supp. 2010, § 843.5(E)).

offense under the evidence test and thus there was no violation of Mr. Dickey's constitutional rights. Id. 33–35. Mr. Dickey then filed the instant federal action.

Because he was convicted of a sex offense, Mr. Dickey is now required to register pursuant to Oklahoma's Sex Offenders Registration Act. Okla. Stat. tit. 57, §§ 581–590. He is not permitted to work with children or to work on school premises. Id. § 589(A). He is forbidden from living, temporarily or permanently, within a 2,000-foot radius of any "school . . ., educational institution, property or campsite used by an organization whose primary purpose is working with children, a playground or park . . ., or a licensed child care center." Id. § 590(A). Additionally, it is unlawful for Mr. Dickey to live in a dwelling with another sex offender. Id. § 590.1(A). Mr. Dickey contends that these provisions sufficiently restrict his freedom to satisfy § 2254's custody requirement, and that the restrictions are more stringent than the Colorado statutory scheme addressed by this court in Calhoun v. Attorney General of Colorado, 745 F.3d 1070 (10th Cir.), cert. denied, 135 S. Ct. 376 (2014).

Discussion

A.    Habeas Corpus

Section 2254(a) requires that a petitioner for a writ of habeas corpus be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus,

a petitioner must demonstrate that he is in custody and the requirement is jurisdictional. Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009). Questions as to the proper interpretation of "custody" under the statute are legal and reviewed de novo. Id. at 1138.

Custody status is determined as of the time the habeas petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). The writ is available in situations where a state-court criminal conviction has subjected the petitioner to "severe restraints on [his or her] individual liberty." Hensley v. Mun. Ct., 411 U.S. 345, 351 (1973). A restraint is severe when it is "not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963). The petitioner need not, however, demonstrate actual, physical custody to obtain relief. Maleng v. Cook, 490 U.S. 488, 491 (1989) (per curiam). For example, habeas corpus is available for prisoners released on personal recognizance or parole, among other situations. See, e.g., Hensley, 411 U.S. at 346, 353 (personal recognizance); Jones, 371 U.S. at 242–43 (parole).

Not every restriction involving federal rights warrants the remedy of a writ of habeas corpus. See Lehman v. Lycoming Cty. Children's Servs. Agency, 458 U.S. 502, 510 (1982). Thus, collateral consequences of conviction which have only a negligible effect on liberty or movement, do not satisfy the "custody" requirement. Virsnieks v. Smith, 521 F.3d 707, 718 (7th Cir. 2008) (collecting cases). For example, restitution or fines imposed on a petitioner do not — there

must be a significant restraint on liberty. Erlandson v. Northglenn Mun. Ct., 528 F.3d 785, 788 (10th Cir. 2008). Other collateral consequences of conviction not deemed restraints on liberty sufficient to constitute custody are the "inability to vote, engage in certain businesses, hold public office, or serve as a juror," Maleng, 490 U.S. at 491–92, revocation of a driver's license, medical license, or a license to practice law, and disqualification as a real estate broker and insurance agent, Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998) (collecting cases).

In 2014, we joined other circuits in holding that the requirement to register under state sex-offender statutes does not satisfy § 2254's condition that the petitioner be "in custody" at the time he or she files a habeas petition. See Calhoun, 745 F.3d at 1074. We determined that Colorado's sex-offender requirements were not severe enough to constitute being "in custody" for habeas purposes. See id. at 1072–74. Mindful of our precedent in Calhoun, Mr. Dickey asserts that Oklahoma's statutory scheme involving sex offenders is more restrictive than that of Colorado because it significantly infringes on Mr. Dickey's rights to live, work, associate, and travel in ways not addressed by this court in Calhoun. Aplt. Br. at 16.

It is undisputed that Mr. Dickey was released from prison before he filed his § 2254 petition. Id. at 11. The OCCA issued its decision modifying Mr. Dickey's conviction from child sexual abuse to incest on April 24, 2013. Aplt.

- 5 -

App. 25–29.  He was discharged from the custody of the Oklahoma Department of Corrections (DOC) on November 25, 2013.  Id. 88.  He then filed his federal petition for a writ of habeas corpus on June 23, 2015.  Id. 23.  Accordingly, Mr. Dickey had approximately seven months to file his petition for habeas corpus while satisfying the "in custody" condition of § 2254 by being in the physical custody of the Oklahoma DOC.

We now turn to the question of whether Mr. Dickey continues to be "in custody" even after his release from prison given the nature of Oklahoma's sex-offender registration statute.  Although we agree with Mr. Dickey that Oklahoma's statutory scheme is more restrictive than that of Colorado, we do not find that Oklahoma's registration requirements impose a severe restraint on Mr. Dickey's freedom sufficient to satisfy the "in custody" requirement of § 2254.  There is no condition of Mr. Dickey's sentence that could subject him to reincarceration or impose an additional restraint on his liberty.  He remains free to live, work, travel, associate, and engage in lawful activities without government approval.  Like those at issue in Calhoun, Oklahoma's sex-offender registration conditions are collateral consequences of Mr. Dickey's conviction, and not a continuation of punishment.  A holding to the contrary "would read the 'in custody' requirement out of the statute."  Maleng, 490 U.S. at 492.

B.    Audita Querela and Coram Nobis

We next address Mr. Dickey's assertions that he is entitled to relief under

- 6 -

the All Writs Act via the writ of <u>audita querela</u> or the writ of <u>coram nobis</u>, which do not require that a petitioner be "in custody" to obtain relief.  <u>See</u> <u>United States v. Denedo</u>, 556 U.S. 904, 911 (2009); <u>United States v. Torres</u>, 282 F.3d 1241, 1245 (10th Cir. 2002).

1.      Writ of <u>Audita Querela</u>

The purpose of a writ of <u>audita querela</u> is to challenge a judgment that although correct when rendered, is now infirm due to subsequent events.  <u>Torres</u>, 282 F.3d at 1245 n.6.  An example would be something unanticipated, such as an intervening change in law.  <u>Rawlins v. Kansas</u>, 714 F.3d 1189, 1193 (10th Cir. 2013).  Mr. Dickey's argument, however, appears to be that the judgment of the OCCA was incorrect at the time it was rendered.  Moreover, he has not argued that anything since the decision has made the judgment infirm.  Accordingly, Mr. Dickey is not entitled to relief under a writ of <u>audita querela</u>.

2.      Writ of <u>Coram Nobis</u>

Although the Federal Rules of Civil Procedure abolished the writ of <u>coram nobis</u>, <u>see</u> Fed. R. Civ. P. 60(e), the Supreme Court has since held in <u>United States v. Morgan</u>, 346 U.S. 502, 506–13 (1954), that federal courts are authorized to issue the writ to correct criminal judgments.  <u>Coram nobis</u> has a limited use: to fix fundamental errors of law or fact.  <u>Murray v. United States</u>, 704 F.3d 23, 28 (1st Cir. 2013).  It is an extraordinary remedy, which is available 'only under circumstances compelling such action to achieve justice'"  <u>Id.</u> (quoting <u>Morgan</u>,

- 7 -

346 U.S. at 511).  Its purpose is "to correct errors 'of the most fundamental character; that is, such as render[] the proceeding itself irregular and invalid.'" Id. (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)).

The traditional use of the writ of corum nobis, however, is by a court in correcting its own errors, not the errors of courts in other jurisdictions. Finkelstein v. Spitzer, 455 F.3d 131, 133–34 (2d Cir. 2006).  Accordingly, we have held that federal courts lack jurisdiction to grant a writ of coram nobis with respect to state court judgments.  Rawlins, 714 F.3d at 1196–97; see also Finkelstein, 455 F.3d at 134 (collecting cases).  Despite Mr. Dickey's statement to the contrary, Aplt. Br. at 23–24, we do not find this understanding of the writ of coram nobis to conflict with the decision of the Supreme Court in Morgan. Because the offending error originated in the OCCA, the federal district court was correct in concluding that it lacked the power to reexamine Mr. Dickey's conviction through a writ of corum nobis.

Because Mr. Dickey was not "in custody" when he filed his § 2254 petition, and is not eligible for relief in federal court under the writs of audita querela or coram nobis, the district court's judgment is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge