FILED
United States Court of Appeals
Tenth Circuit

October 7, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM JAY CLARK,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

    Respondent - Appellee.

No. 19-7037
(D.C. No. 6:18-CV-00382-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Pro se state inmate William Jay Clark seeks a Certificate of Appealability (COA)

to challenge the district court's dismissal of his 28 U.S.C. § 2254 motion for habeas

relief.  We deny Clark's request for a COA and dismiss the appeal.

**I.**

Clark, who is currently incarcerated in Texas, challenges his Oklahoma

convictions for which he is no longer incarcerated.  In 1996, Clark was convicted of first

and second degree rape and sentenced to Oklahoma state prison.  Clark was released on

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

probation in 1999 and, as a result of his convictions, was required to register as a sex offender. His probation ended in 2001. Since 2006, Clark has been incarcerated in Texas state prison—serving a life sentence for aggravated sexual assault of a child.

In 2018, Clark filed a § 2254 motion challenging the validity of his Oklahoma rape convictions under the Fifth, Sixth, and Fourteenth Amendments. In response, the State of Oklahoma filed a motion to dismiss, asserting that Clark was not "in custody" and thus could not seek relief under 28 U.S.C. § 2254(a). The district court granted Oklahoma's motion to dismiss and subsequently denied Clark's request for a COA. Clark now seeks a COA from this court.

## II.

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Put simply, the petitioner must show that the district court's resolution of his constitutional claim was either "debatable or wrong." *Id.*

Because § 2254 provides relief from unlawful detention, a petitioner must show that he is "in custody" under the conviction or sentence being challenged in order to proceed. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). If a petitioner was not "in custody" at the time the petition was filed, the district court must

2

dismiss the petition for lack of jurisdiction. *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008).

Clark challenges the validity of his 1996 Oklahoma rape convictions. Generally, a habeas petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition [wa]s filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Although Clark's sentence fully expired in 2001, he argues that he is still "in custody" under his Oklahoma convictions for three reasons: (1) his Oklahoma convictions were used to enhance his current Texas sentence to a life sentence; (2) Oklahoma law required him to register as a sex offender; and (3) he is subject to an Oklahoma detainer holding him for trial for failure to register as a sex offender. As a result, Clark contends that he can proceed with his challenge to the validity of his expired Oklahoma rape convictions. We disagree and hold that no reasonable jurist could find the district court's dismissal debatable or wrong.

**A.**

Clark first argues that he meets § 2254's "in custody" requirement because his Oklahoma convictions were used to enhance his current Texas life sentence. This argument fails because the Supreme Court has decided that a defendant is not "in custody" under a prior conviction "merely because that conviction had been used to enhance a subsequent sentence." *Lackawanna Cty. Dist. Attorney*, 532 U.S. at 403. Therefore, Clark may not challenge his Oklahoma convictions by arguing that they were used to enhance his current Texas sentence.

3

The district court liberally construed Clark's argument as challenging his Texas sentence on the ground that the Texas sentence was enhanced by the allegedly invalid Oklahoma convictions. This construction of Clark's argument fails too, however, because the district court lacks jurisdiction to consider Clark's claim. If a state inmate is confined in a state with more than one federal district, he must file his habeas petition in either the district where he was convicted or the district where he is confined. 28 U.S.C. § 2241(d). Here, Clark was convicted in Texas and is confined in Texas prison, but he filed his petition in the United States District Court for the Eastern District of Oklahoma. Thus, even if Clark's petition were liberally construed as challenging his Texas sentence, the Oklahoma district court lacked jurisdiction to consider his petition.

Although this jurisdictional defect may be cured by transfer if the transfer "is in the interest of justice," *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting 28 U.S.C. § 1631), the district court was correct in declining to transfer here because Clark had not exhausted his state remedies. A petitioner seeking § 2254 relief bears the burden of demonstrating that he has fairly presented his claim to the state court. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009). Here, Clark has not demonstrated that he challenged the lawfulness of his Texas sentence in Texas state court. *See* ROA at 6.[1] Accordingly, Clark is not entitled to § 2254 relief on a challenge to his Texas sentence.

---

[1] The district court noted that Clark had challenged his Texas conviction but not his Texas sentence. *See* Pet. for Writ of Habeas Corpus at 3–4, *Clark v. Director, TDCJ-CID*, No. 4:10-cv-00236 (E.D. Tex.).

**B.**

Second, Clark argues that he meets § 2254's "in custody" requirement because Oklahoma law required him to register as a sex offender due to his rape convictions. This argument fails because this court has already held that "the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition." *Calhoun v. Attorney Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014); *Dickey v. Allbaugh*, 664 F. App'x 690, 693 (10th Cir. 2016) (unpublished) (applying *Calhoun*'s holding to the Oklahoma sex offender registration statutes); *see Maleng*, 490 U.S. at 492 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

**C.**

Finally, Clark argues that he meets § 2254's "in custody" requirement because he is subject to a detainer lodged by Bryan County, Oklahoma, which seeks to hold Clark for trial for his failure to register as a sex offender. Clark asserts that because the Bryan County failure-to-register charge was based on an obligation imposed by his Oklahoma rape convictions, the detainer satisfies § 2254's "in custody" requirement and thus allows him to proceed with his challenge to those expired Oklahoma convictions.

Clark's argument fails because this court has held that "the future threat of incarceration for registrants who fail to comply with the [sex-offender registration] statute[s] is insufficient to satisfy the custody requirement" for a challenge to an expired

5

conviction. *Calhoun*, 745 F.3d at 1074 (alterations in original). Because the detainer seeks to hold Clark for trial, it is merely a future threat of incarceration. Accordingly, the detainer cannot be used to establish jurisdiction for Clark's challenge to his expired Oklahoma convictions.

Additionally, Clark does not directly challenge the detainer. Although a detainer seeking to hold a defendant for trial can meet § 2254's "in custody" requirement when the defendant directly challenges the constitutionality of the detainer or its underlying charge, *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488–89 (1973), Clark does not do that here. Instead, he attempts to use the detainer as a means to challenge the validity of his expired rape convictions.

## III.

For these reasons, we hold that no reasonable jurist could debate the district court's dismissal of Clark's § 2254 motion. We deny the COA and dismiss the appeal.

Entered for the Court

Allison H. Eid
Circuit Judge