**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KATHERINE STEWART FELVEY,

Petitioner - Appellant,

v.

LONG, Warden, Denver Women's
Correctional Facility; and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 19-1405
(D.C. No. 1:19-CV-01125-LTB-GPG)
(D. Colorado)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **McHUGH** and **MORITZ**, Circuit Judges.

Katherine Stewart Felvey, a Colorado state prisoner appearing pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal without

prejudice of her 28 U.S.C. § 2254 petition for federal habeas corpus relief. Ms. Felvey

also moves to proceed in forma pauperis ("IFP"). Because Ms. Felvey has failed to

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Ms. Felvey is proceeding pro se, "we liberally construe h[er] filings, but we will not act as h[er] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

exhaust available state court remedies, we decline to grant a COA, deny her motion to proceed IFP, and dismiss this matter.

## I.   PROCEDURAL BACKGROUND

On January 26, 2017, a jury in El Paso County, Colorado, convicted Ms. Felvey of second degree assault of a peace officer, resisting arrest, obstructing a peace officer, and disorderly conduct. On April 10, 2017, the state court judge sentenced her to five years in prison with three years of mandatory parole.[2] A direct appeal followed.

Ms. Felvey filed the instant petition for a writ of habeas corpus in federal district court on April 17, 2019. She noted in the petition that the direct appeal of her conviction remained pending. Ms. Felvey alleged two federal constitutional errors: (1) a violation of her due process rights stemming from the intentional misrepresentation of the arresting officer's birthdate on his probable cause affidavit, and (2) a violation of her Sixth Amendment speedy trial right stemming from a lack of formal arraignment. Her petition was coupled with a motion for leave to proceed IFP under 28 U.S.C. § 1915, which the federal magistrate judge assigned to the case granted.

Deeming Ms. Felvey's initial filing deficient, due in part to a failure to exhaust available state court remedies, the magistrate judge directed her to file an amended petition. After Ms. Felvey failed to do so, the magistrate judge requested that Colorado file a pre-answer response limited to the issues of timeliness under 28 U.S.C. § 2244(d)

---

[2] Although Ms. Felvey has been released from prison on parole, a state prisoner on parole remains in custody for purposes of seeking habeas corpus relief. *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) (citing *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963)).

and/or exhaustion of state court remedies under § 2254(b)(1)(A). The state's response, filed on June 28, 2019, asserted that Ms. Felvey had failed to exhaust state court remedies because the direct appeal of her conviction was pending. Attached to this response was a docket from Ms. Felvey's direct appeal in the Colorado Court of Appeals, indicating that briefing had been completed just days earlier.

Ms. Felvey filed a motion to amend her federal habeas petition on July 3, 2019, seeking to add additional Sixth Amendment claims (ineffective assistance of trial and appellate counsel) and an Eighth Amendment claim. She thereafter filed her own pre-answer response—which the magistrate judge treated as a reply brief—asserting that § 2254's exhaustion requirement should be excused under both subsection (b)(1)(B)(i), "an absence of available State corrective process," and (b)(1)(B)(ii), "circumstances exist that render such process ineffective to protect the rights of the applicant."

On August 12, 2019, the magistrate judge issued a report and recommendation concluding that Ms. Felvey's § 2254 petition should be denied and dismissed without prejudice for failure to exhaust available state court remedies, and that her motion to amend should be denied as futile. Ms. Felvey objected, arguing that there had been "inordinate delay and other justifications for excusing exhaustion" and that Colorado's criminal procedures were "ineffective and inadequate." ROA at 131, 133.

Applying *de novo* review, the district court adopted the magistrate judge's recommendation in a September 20, 2019 summary order of dismissal. The court overruled Ms. Felvey's objections, denied and dismissed her § 2254 petition without prejudice for failure to exhaust available state court remedies, and denied her a COA.

3

Additionally, the court certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from its order would not be taken in good faith, and thus denied Ms. Felvey leave to proceed IFP on appeal, without prejudice to the filing of a motion to proceed IFP in the Tenth Circuit.

Ms. Felvey filed a timely appeal from the district court's order and a new application to proceed IFP. She subsequently filed a combined opening brief and application for COA with this court.

## II.  ANALYSIS

### A.  Certificate of Appealability

We are without jurisdiction to review the denial of a § 2254 petition unless the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where, as here, a district court denies a § 2254 petition on procedural grounds, a COA will issue only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* If the petitioner's showing is deficient as to the procedural bar, a court should ordinarily deny the COA on those grounds without reaching the constitutional issue. *Id.* at 485.

4

The district court based its denial of Ms. Felvey's § 2254 petition on her failure to exhaust available state court remedies. As we now explain, reasonable jurists could not conclude either that the district court erred in applying that plain procedural bar or that Ms. Felvey should be allowed to proceed further.

## 1.      State Court Exhaustion

To bring a successful federal habeas petition, a state prisoner must typically first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see, e.g.*, *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

Ms. Felvey has failed to show satisfaction of the exhaustion requirement, as is her burden. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009). The record indicates that the direct appeal of her state court convictions remains pending, and that none of her claims have yet been presented to the Colorado Supreme Court.[3] There can

---

[3] With respect to Ms. Felvey's appeal, on November 14, 2019, the Colorado Court of Appeals affirmed in part, reversed in part, and remanded with directions. *People v.*

be no exhaustion of state court remedies while a direct appeal from a state conviction is pending. *Denney v. Kansas*, 436 F.2d 587, 588 (10th Cir. 1971). And Ms. Felvey has conceded this clear lack of exhaustion in multiple filings. Reasonable jurists would therefore not find the district court's determination that state court remedies remain unexhausted to be debatable.[4]

## 2. Exceptions to the Exhaustion Requirement

Ms. Felvey seeks to excuse her admitted failure to exhaust by invoking the two exceptions to the exhaustion requirement: "there is an absence of available State corrective process," and "circumstances exist that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B). She argues that her ability to exhaust was "obstructed because the record on appeal . . . had been maliciously and illegally compromised," and that she "wasted almost 3 years trying to exhaust [her] claims." Opening Br. at 5.

---

*Felvey*, No. 17CA0975, 2019 WL 6041066, at *1 (Colo. App. Nov. 14, 2019) (unpublished). On November 27, 2019 the Colorado Court of Appeals denied rehearing. *Id.* Thus, the state proceedings have not yet become final.

[4] The record indicates that the issues raised by Ms. Felvey in her habeas petition are distinct from those she raised on direct appeal. This mismatch in claims implicates an anticipatory procedural bar, *see Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)—Ms. Felvey's two habeas claims were available on direct appeal, and Colo. R. Crim. P. 35(c)(3)(VII) bars claims of this type that could have been but were not raised in a prior proceeding. *See Ellis v. Raemisch*, 872 F.3d 1064, 1093 n.7 (10th Cir. 2017) ("proceed[ing] on the assumption" that Rule 35(c)(3)(VII) is an independent and adequate state procedural ground). We elect not to address this procedural default sua sponte, however, because the state proceedings are not complete. Additionally, the record does not conclusively reflect what claims Ms. Felvey raised on direct appeal, and she has not been given a chance to respond to the anticipatory bar defense. *See Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992).

6

Ms. Felvey's most cogent request for relief from the exhaustion requirement invokes the futility argument outlined in *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991): "that inordinate, excessive and inexcusable delay in a state appeal process may excuse the need of a federal habeas petitioner to exhaust state remedies." *Id.* at 1065 (internal quotation marks omitted). In *Harris*, this court objected to a delay of approximately four years from docketing of the state court appeal until filing of the opening brief, which was "forced upon an unwilling petitioner by reason of his indigency." *Id*. Here the record indicates that Ms. Felvey endured a delay of approximately fifteen months between the docketing of her appeal and the filing of an opening brief by her court-appointed appellate counsel, and roughly an additional nine months until the filing of the state's answer. While this timeframe is not immune from attack under § 2254(b)(1)(B)(ii), the present circumstances of Ms. Felvey's direct appeal indicate that the state process was not ineffective: at this date, briefing has been completed and a decision rendered by the Colorado Court of Appeals. The record also does not indicate, and Ms. Felvey has not adequately demonstrated, that the delays that did occur were attributable to deficient or inadequate state corrective process.

In short, the circumstances here could not give reasonable jurists cause to debate the district court's application of the plain procedural bar of failure to exhaust, either due to "an absence of available State corrective process" or because "such process [was] ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B).

7

## B. *Motion to Proceed in Forma Pauperis*

Ms. Felvey seeks to proceed in forma pauperis on appeal. To do so, she "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Ms. Felvey has not met this burden; our review of the record reveals no nonfrivolous argument in support of her appeal. We accordingly deny her motion to proceed in forma pauperis.

## III.　CONCLUSION

Because reasonable jurists would not debate whether Ms. Felvey has failed to exhaust available state court remedies, we **DENY** her request for a COA and **DISMISS** this matter. We also **DENY** Ms. Felvey's motion to proceed in forma pauperis on appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge