**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JAMES B.V. CROSBY,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 24-1323
(D.C. No. 1:24-CV-01103-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

James B.V. Crosby, a Florida state prisoner proceeding pro se, seeks permission to

appeal the district court's denial of his 28 U.S.C. § 2241 petition.[1] The matter is before

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] At the time he filed the instant § 2241 petition, it appears Crosby was in the custody of the Montgomery Correctional Center in Jacksonville, Florida. His appellate filings indicate he is currently in the custody of the North Florida Evaluation and Treatment Center ("NFETC") in Gainesville, Florida. It appears that the NFETC is a unit of the Florida Department of Children and Families. *See* https://www.myflfamilies.com/services/samh/treatment-services-and-facilities/north-florida-evaluation-treatment-center. The Florida Department of Children and Families describes the NFETC as follows:

> Opened in 1976, this facility is operated as an evaluation and treatment center for people with mental illnesses who are involved in the criminal justice system.

this court on Crosby's request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 866-67, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A)'s requirements apply when a state habeas petitioner is proceeding under § 2241). Because Crosby has not made a "substantial showing of the denial of a constitutional right," this court denies his request for a COA and dismisses this appeal. 28 U.S.C. § 2253(c)(2) (providing a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").

Crosby brought the instant habeas petition asserting he is illegally incarcerated as the result of judicial corruption and government fraud in one or more Florida state court criminal cases.[2] In response, the district court ordered Crosby to show cause why the

---

Today, NFETC has a number of beds open for the evaluation and treatment of residents who have major mental disorders. These residents are either incompetent to proceed to trial or have been judged to be not guilty by reason of insanity. Our mission is to evaluate, treat and discharge in a manner which ensures proper safety, security and respect of rights. We are a maximum security treatment facility, not a jail or prison.

The Center is a part of the mental health system in Florida which includes services ranging from out-patient community mental health treatment, hospitalization at a state hospital, and evaluation and treatment at NFETC.

*Id.*

[2] For a highly generalized discussion of the claims that make up the backdrop of the instant habeas petition, *see Crosby v. Florida*, No. 3:22-cv-67, 2023 WL 2403856, at *3-4 (M.D. Fla. March 8, 2023) ("Generally, Crosby contends that the State [of Florida]

petition should not be dismissed for lack of jurisdiction. The district court noted Crosby (1) was not challenging any form of custody related to the State of Colorado and (2) the United States was not a proper respondent because he was not in the custody of the United States. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). Because Crosby's response to the show-cause order failed to demonstrate any form of custody related to Colorado, a magistrate judge recommended that Crosby's petition be dismissed without prejudice for lack of jurisdiction. The district court, after conducting de novo review, adopted the magistrate judge's recommendation, dismissed Crosby's petition, and denied Crosby's Fed. R. Civ. P. Rule 59 motion to reconsider. Crosby seeks a COA so he can appeal the district court's disposition of his § 2241 petition and Rule 59 motion. He also asserts the district court erred in refusing to appoint counsel on Crosby's behalf.

A COA may issue if Crosby "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In evaluating a request for a COA, it is not the role of this court to engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* Instead, this court undertakes "a preliminary, though not

---

and the City [of Jacksonville], at the direction of the federal government, have engaged in a long-running, wide-ranging conspiracy to frame men as child predators.").

3

definitive, consideration of the [legal] framework" applicable to each claim. *Id.* at 338. Crosby is not required to demonstrate his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

The district court's conclusion that it lacked jurisdiction over Crosby's § 2241 petition because no aspect of his custody is tied to Colorado is not reasonably subject to debate. The mere fact he intends to move to Colorado upon release from the custody of Florida does not render him in Colorado's custody. Likewise, the fact he will presumably be subject to the provisions of the Sex Offender Registration and Notification Act should he eventually move to Colorado does not render him in the custody of the United States. *See Calhoun v. Attorney Gen. of Colo.*, 745 F.3d 1070, 1072-74 (10th Cir. 2014). Furthermore, because it was unnecessary to hold an evidentiary hearing to resolve any aspect of this case, the district court did not abuse its discretion in declining to appoint counsel. *See Engberg v. Wyoming*, 265 F.3d 1109, 1122 & n.10 (10th Cir. 2001). Crosby's request for a COA is **DENIED** and this appeal is **DISMISSED**. His request to proceed on appeal in forma pauperis is **DENIED** because he has not forwarded a "reasoned, nonfrivolous argument on the law and facts in support" of his appeal.

*DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Finally, other pending motions are **DENIED** as moot.

Entered for the Court


Michael R. Murphy
Circuit Judge