**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DWAYNE WINFREY,

    Petitioner - Appellant,

v.

RANDY HARDING, Warden,

    Respondent - Appellee.

No. 25-5003
(D.C. No. 4:22-CV-00117-CVE-SH)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Dwayne Winfrey, proceeding pro se, filed a 28 U.S.C. § 2254 application challenging three Oklahoma criminal judgments on the ground that the State did not have jurisdiction to convict and sentence him for crimes that occurred within the boundaries of the Creek Nation Reservation.  The district court dismissed the application for lack of jurisdiction as to two of the judgments and denied it on the merits as to the third.  Winfrey now requests a certificate of appealability (COA) so he can appeal from the district court's decision.  *See* 28 U.S.C. § 2253(c)(1)(A).  We deny a COA and dismiss this matter.

---

    * This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To obtain a COA, Winfrey must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But where a "district court denies a habeas petition on procedural grounds," the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Id.* Because Winfrey proceeds pro se, we construe his filings liberally, but we do not act as his attorney. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

**No. CF-2004-4732**. The district court dismissed the application as to Tulsa County District Court case no. CF-2004-4732 for lack of jurisdiction because Winfrey had already served his sentence and was not "in custody" on that conviction. *See Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) ("Section 2254(a) requires a petitioner to be in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. The custody requirement is jurisdictional." (ellipsis and internal quotation marks omitted)). Winfrey does not make any argument regarding that determination. He thus fails to show that reasonable jurists would find the district court's procedural ruling to be debatable.

**No. CF-2005-5770**. The district court dismissed the application as to Tulsa County District Court case no. CF-2005-5770 for lack of jurisdiction as an unauthorized

second or successive § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring circuit-court authorization to bring a second or successive § 2254 application); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that the district court lacks jurisdiction to decide an unauthorized second or successive § 2254 application). Winfrey does not make any argument regarding that determination. He thus fails to show that reasonable jurists would find the district court's procedural ruling to be debatable.

**No. CF-2018-1119**. The district court denied the application on the merits as to Tulsa County District Court case no. CF-2018-1119. It held that Winfrey failed to present any evidence that he is an Indian for purposes of federal law, and his arguments were unpersuasive. Therefore, he did not show that the State lacked jurisdiction to prosecute him, even though the crimes occurred in Indian country. *See Oklahoma v. Castro-Huerta*, 597 U.S. 629, 637 (2022) ("States have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country."); *id.* at 656 ("[T]he Federal Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country."). Before this court, Winfrey generally discusses nationality and citizenship, and he asserts the descendants of African-American freedmen should be recognized as Indians. But he does not show that he presented to the district court any evidence that he is an Indian for purposes of federal law, and his arguments as to why he should be considered an Indian are patently unpersuasive. Accordingly, no reasonable jurist would debate the district court's determination that Winfrey failed to show the State lacked jurisdiction to prosecute him.

3

We deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk