16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Eugene KING, Petitioner-Appellant,
v.
Bobby BOONE and The Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 93-7092.
 United States Court of Appeals,
 Tenth Circuit.
Jan. 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. King, a state inmate and pro se litigant, appeals the denial of habeas corpus relief.
 
 
 3
 In May 1980, Mr. King was convicted of rape, arson, assault and battery with intent to kill, and robbery by force. These crimes occurred after a prior conviction of four felonies. Mr. King was sentenced to a total of 1,700 years in prison.[2] Mr. King filed the present habeas corpus action contending the present 1,700-year sentence was unconstitutionally enhanced by prior unconstitutional convictions which arose in 1973.
 
 
 4
 The district court concluded it could not reach the merits of Mr. King's habeas corpus petition as the claims were barred by procedural default. It is this decision Mr. King now appeals.
 
 
 5
 The facts contained in the record on appeal are undisputed. Mr. King was convicted of four felonies in 1973 including sodomy, attempted rape, rape, and burglary. He has completed serving the sentence for these felonies. Mr. King never attacked the validity of these earlier convictions in a direct appeal. After an unsuccessful direct appeal and petition for postconviction relief concerning his present convictions, Mr. King filed a petition for postconviction relief in state court challenging his 1973 convictions. The Oklahoma Court of Criminal Appeals denied relief stating:
 
 
 6
 Petitioner now claims that his current sentences were enhanced by unconstitutional former convictions. However, he has not shown that the former convictions have been overturned or modified. Moreover, he has failed to sufficiently explain why the issue he now asserts was not asserted or could not have been asserted in his direct appeal or in his previous post-conviction application. 22 O.S.1991, 1086; Hale v. State, 807 P.2d 264, 266-67 (Okl. Cr.1991). Therefore, the order of the District Court denying Petitioner's application for post-conviction relief should be, and is hereby, AFFIRMED.
 
 
 7
 The Supreme Court has made it clear that federal courts may not entertain constitutional claims that were not raised or preserved in accordance with state rules. The exception to this rule is when a petitioner can show both cause as to why the normal procedures were flouted and prejudice from the alleged constitutional violation. See Coleman v. Thompson, 111 S.Ct. 2546 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977). There also exists another exception and that is when petitioner can make a colorable showing by clear and convincing evidence of actual innocence. Sawyer v. Whitley, 112 S.Ct. 2514 (1992); Kuhlmann v. Wilson, 477 U.S. 436 (1986).
 
 
 8
 We now turn to the record on appeal. In his habeas corpus petition, Mr. King asserted he failed to appeal the 1973 convictions as he "did not know how to appeal"; "[i]nmate research assistants failed to effect timely appeal"; and "Petitioner did not know a remedy was available to correct the wrongs in time to appeal." These statements are not sufficient to show "cause" as "cause" requires a showing of some impediment, external to the defense, that prevents petitioner or his counsel from constructing or raising the claim. Coleman, 111 S.Ct. at 2566; Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus Mr. King has failed to show he is entitled to federal habeas corpus relief under the cause and prejudice standard. Mr. King also failed to make any showing of "actual innocence"; thus, he is not entitled to relief under the second exception.
 
 
 9
 The other issues Mr. King raises on appeal had not been raised in the district court. Therefore, we will not address these issues on appeal.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---
 
 
 [2]
 See King v. Okla., 640 P.2d 983 (Okla.Crim.), cert. denied, 456 U.S. 1011 (1982)