**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 28, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ROBERT EUGENE KING,

　　Petitioner - Appellant,

v.

MICHAEL MILLER, Warden,

　　Respondent - Appellee.

No. 24-5146
(D.C. No. 4:24-CV-00570-GKF-MTS)
(N.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ** and **EID**, Circuit Judges.
_____

Robert King, an Oklahoma prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254

application for lack of jurisdiction.  We deny a COA and dismiss this matter.

King is serving a combined 1,700-year sentence on convictions entered in 1980.

That combined sentence was enhanced by prior convictions from 1973.  His § 2254

application claimed that he was denied his right to appeal the 1973 convictions, but the

district court held that it lacked jurisdiction to consider the application for two reasons.

First, to the extent King sought to challenge the 1973 convictions, the district court stated

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he was no longer in custody pursuant to those convictions. *See Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) ("Section 2254(a) requires a petitioner to be in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. The custody requirement is jurisdictional." (ellipsis and internal quotation marks omitted)). Second, to the extent he sought to challenge the 1980 convictions, the district court concluded his application was an unauthorized second or successive § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring circuit-court authorization to bring a second or successive § 2254 application); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that the district court lacks jurisdiction to decide an unauthorized second or successive § 2254 application).

Before he can appeal, King must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court ruled on procedural grounds, he must show that reasonable jurists "would find it debatable" "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

King argues that he is entitled to habeas relief, without explicitly addressing the district court's jurisdictional rulings. But reasonable jurists would not debate whether the application was an unauthorized second or successive § 2254 application. King filed two prior § 2254 applications presenting the same or substantially similar claims regarding the invalidity of the 1973 convictions and their role in enhancing his sentence for the 1980 convictions. *See King v. Harpe*, No. 23-5041, 2023 WL 5216618, at *1 (10th Cir.

Aug. 15, 2023) (unpublished); *King v. Boone*, No. 93-7092, 1994 WL 13897, at *1

(10th Cir. Jan. 20, 1994) (unpublished).  Those prior applications were resolved on the

merits.[1]  In light of those prior applications, which involved both sets of convictions, no

reasonable jurist would debate whether the most recent application was second or

successive, regardless whether it is construed as a challenge to the 1973 convictions, the

1980 convictions, or both.  King did not obtain this court's authorization before filing the

most recent application, and it is well-established that the district court lacks jurisdiction

to consider an unauthorized second or successive § 2254 application, *see Cline*, 531 F.3d

at 1251.

Because King fails to show that reasonable jurists would debate the district court's

procedural ruling, we deny the request for a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[1] In *King v. Harpe*, the district court held the application was untimely, *see* 2023 WL 5216618, at *2, and in *King v. Boone*, the district court held that the claims were procedurally defaulted, *see* 1994 WL 13897, at *1.  Both grounds are merits rulings. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (holding that the dismissal of a § 2254 application as untimely is a decision on the merits); *Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995) (concluding, in case involving successive petition doctrine applicable before Antiterrorism and Effective Death Penalty Act, that dismissal based on procedural default was a merits ruling).